The State *v.* Weil *et al.*

No. 10,928.

## THE STATE *v.* WEIL ET AL.

CRIMINAL LAW.—*Imperfect Transcript.—Dismissal of Appeal.—Certiorari.*—In criminal law, as a general rule, the fact, though apparent, that the transcript is imperfect, affords no sufficient ground for the dismissal of the appeal; but in such case the remedy of the complaining party is by writ of *certiorari*, to correct the transcript.

SAME.—*Duplicity in Criminal Pleading.—Motion to Quash.*—In criminal pleading, there can be no joinder of separate and distinct offences in one and the same count. Where the information or indictment charges the defendant in a single count with two or more substantive offences, it is bad for duplicity, and the defendant's motion to quash the same should be sustained.

From the Montgomery Circuit Court.

*F. T. Hord,* Attorney General, *F. M. Howard,* Prosecuting Attorney, *J. H. Burford, P. S. Kennedy* and *W. T. Brush,* for the State.

*A. D. Thomas,* for appellees.

HOWK, J.—The first entry in the record of this cause shows that on the 27th day of September, 1882, before Melville W. Bruner, " heretofore appointed and sworn as judge *pro tem.* for the trial of this cause," comes the plaintiff and come the defendants, in person and by their attorneys; " and plaintiff files its amended affidavit and information, re-sworn to." When and how the prosecution was commenced, whether before a justice of the peace or in the circuit court, and what previous proceedings, if any, were had therein, and when and where, are matters not shown in or disclosed by the transcript before us. Nor does it appear from the record when, how or by whom, or for what cause, Melville W. Bruner was " heretofore appointed and sworn as judge *pro tem.* for the trial of this cause."

The record further shows that at the time of the filing of such amended affidavit and information, the defendants' motion to quash the same was overruled by the court, and their exception noted to such ruling.

It does not appear from the record that any other step was taken in the cause until the 13th day of February, 1883, at which time, before the same special judge, the parties appeared as before, and the court, apparently of its own motion, then ordered that its former decision, overruling the defendants' motion to quash, be set aside. The court then sustained the defendants' motion to quash the amended affidavit and information, to which ruling the State excepted; and the court ordered that the defendants be discharged without day, to which order the State excepted and has appealed therefrom to this court.

Error is assigned here by the State upon the decision of the court in sustaining the appellees' motion to quash the affidavit and information.

The appellees have moved this court in writing "to dismiss the appeal herein for the reason, that, from the face of the transcript, it (the transcript) is not a complete one, this appeal not being upon a question reserved by the State, within the meaning of sec. 1883, R. S. 1881." We do not think that this motion is well taken or can be sustained. The record is manifestly imperfect and defective, but a motion to dismiss the appeal does not seem to us to be the proper method for disposing of an imperfect record. If any matter has been omitted from the transcript which prevents the appellees from properly presenting their side of the case for our consideration, they could readily procure such omitted matter to be supplied by an application for a writ of *certiorari*. It is claimed by the State that the court below erred in sustaining the appellees' motion to quash the affidavit and information; and this ruling is assigned as error and presents the only question we are required to decide. The transcript before us contains all that is necessary to present this question, and all that we would consider in deciding such question, namely: the amended affidavit and information, the appellees' motion to quash the same, the ruling of the court on such motion and the State's exception, and the final order for the appellees'

discharge.   So far as we can see, this transcript fairly presents
for decision the only question in the case, namely: the suffi-
ciency or insufficiency of the affidavit and information.   The
motion to dismiss the appeal is overruled.

In the affidavit and information it was charged, in sub-
stance, that, on or about the 1st day of August, 1882, and on
divers other days before the filing of such affidavit and in-
formation, at and in Montgomery county, Indiana, the ap-
pellees did then and there unlawfully maintain and cause to
be maintained a slaughter-house for the purpose of slaughter-
ing cattle, hogs and sheep; and that the appellees, on said
day, and on divers other days before the filing of such affi-
davit, at and in said county, did slaughter in said slaughter-
house, divers cattle, hogs and sheep, and did then and there
deposit, and cause to be deposited, near said slaughter-house,
the heads, entrails and other offal from said cattle, sheep and
hogs, where the same decayed, causing noxious and danger-
ous exhalations and offensive smells to arise, which were very
injurious to the health, comfort and property of citizens liv-
ing in the vicinity of said slaughter-house; and that said
slaughter-house is situated near a stream of water called Dry
Branch, and also near two public highways, and that the offal
as aforesaid thrown from said slaughter-house causes the water
of said Dry Branch to be corrupted and poisoned, and ren-
dered wholly unfit for stock water, and that divers citizens,
from time immemorial, have used the waters of said Dry
Branch, below said slaughter-house, for the purpose of water-
ing their milch cows, cattle, hogs, etc., and that the milk of
said milch cows is poisoned by reason of said cows drinking
the water of said stream, in which the appellees deposited the
offal from such slaughtered cattle, sheep and hogs, and that it
is injurious to persons who then and there drink such milk;
and that the offal from said slaughter-house, so deposited and
suffered to remain near to and in said stream, causes other
great damage and prejudice to divers citizens living in the
vicinity of said slaughter-house as well as to the public.

It was further charged that said slaughter-house is built upon two public highways, and that horses of ordinary gentleness driven thereon had and then did become frightened at the stench and smell arising from the offal, thrown near said slaughter-house by the appellees, to the great damage, prejudice and annoyance of persons driving such horses on said highways, near such slaughter-house. Wherefore it was charged that the appellees were guilty of maintaining a public nuisance, contrary to the form of the statutes, etc.

The information contains only a single count, and it is manifest, we think, that the court sustained the appellees' motion to quash it and the affidavit upon which it is based, for the reason, apparent upon the face thereof, that two or more distinct offences were charged therein. In the recent case of *Knopf* v. *State*, 84 Ind. 316, this court held, upon full consideration, that in criminal pleadings there can be no joinder of separate and distinct offences in one and the same count. Where an information or indictment charges the defendant, in a single count, with two or more substantive offences, it is bad for duplicity, and a motion to quash the same, if made at the proper time, must be sustained. It is very clear, we think, that the State intended to and did charge the appellees, in the affidavit and information in the case at bar, with the commission of the offences which are defined, and their punishment prescribed, in sections 2066 and 2068, R. S. 1881. These two sections are too long to be copied here, but, by reference thereto, it will be seen that separate and distinct offences are defined therein, and separate and different punishments are prescribed therefor. We have given a full summary of the information in this case, and it is apparent therefrom, as it seems to us, that the appellees are charged with separate and distinct offences, for which different punishments are prescribed, in one and the same count.

We are of opinion, therefore, that the information, and the affidavit upon which the same is based, in this case, were bad

for duplicity, and that the appellees' motion to quash the same was correctly sustained.

On behalf of the State, it is claimed that the affidavit and information charge but one offence with sufficient clearness and certainty; and that as the other offences, apparently intended to be stated therein, are not sufficiently charged, they should be regarded as mere surplusage. It seems to us, however, that this view of the question can not be sustained. We think that at least two separate and distinct offences are sufficiently charged to sustain a conviction as to either offence, and this rendered the pleadings bad for duplicity.

The judgment is therefore affirmed.