Stewart *et al. v.* The State.

No. 13,718.

STEWART ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Aiding in Escape of Prisoner.—Indictment.—Duplicity.*—For an indictment for aiding in the escape of a prisoner, which is held to charge the felony defined in section 2029, R. S. 1881, and not the misdemeanor defined in section 2031, and also held not to be bad for duplicity as charging both offences, see opinion.

SAME.—*Instructions.—Refusal to Give.—Presumption.*—Where the evidence is not in the record, or where the record does not affirmatively show that it contains all the instructions given by the court of its own motion, the Supreme Court will presume, in aid of the refusal of the trial court to give an instruction asked, either that such instruction was not applicable to the evidence, or that the law embraced therein had been given by the court of its own motion.

SAME.—*Giving Erroneous Instruction.— When Not Available Error.*—The giving of an erroneous instruction is not available for the reversal of the judgment, where it appears that the substantial rights of the defendant were not prejudiced thereby.

SAME.—*Arraignment.—Irregularity.*—A mere irregularity or informality in the arraignment of the defendant, which does not prejudice his substantial rights, is not available error.

From the Shelby Circuit Court.

*L. F. Wilson,* for appellant.

*L. T. Michener,* Attorney General, *A. F. Wray* and *J. H. Gillett,* for the State.

HOWK, J.—In this case the indictment charged "that, on the 13th day of November, A. D. 1886, at and in the county of Shelby, and State of Indiana, one Mollie Vancleave, a prisoner, who had been and then was tried and convicted in said county of a felony, to wit, of having, on the 22d day of September, 1886, at and in said county and State, unlawfully and feloniously blackmailed one Charles E. Karmire, and who then and there had been sentenced by said court to serve one year in the Indiana reformatory institution for women and girls, was duly and legally confined by James Magill, the sheriff of Shelby county, Indiana, in the jail of said county and State, and was then and there in the

custody of said sheriff of Shelby county, Indiana, and the officer who was then and there charged with the custody of said Mollie Vancleave, said Mollie Vancleave being then and there in the custody of said officer under said conviction and sentence for said crime and felony aforesaid; and that David Stewart and Schuyler Stewart, not then and there being the officer or officers charged with the custody and safe-keeping of said Mollie Vancleave, did, on the 13th day of November, 1886, then and there unlawfully, purposely and feloniously aid and assist the escape of said Mollie Vancleave from the custody of said sheriff and from said jail, by then and there unlawfully, purposely, knowingly and feloniously procuring and hiring a horse and buggy, and a man to furnish and drive said horse and buggy, and going with and directing said man, viz., Lincoln J. Van Buskirk, to a certain place in the city of Shelbyville, a short distance from said jail, and by giving signals to said Mollie Vancleave in said jail from the outside thereof, and waiting near said jail building, and then and there meeting said Mollie Vancleave at said jail and at an alley adjoining said jail, and conducting, accompanying, taking and directing her to where said Van Buskirk was, by their order and direction, awaiting for them, and assisting her to said buggy for the purpose of being conveyed therein, by their order and direction, out of and away from said county, with intent then and thereby to aid, assist and accomplish the escape of said Mollie Vancleave from the custody of said sheriff, and from said jail, and did then and there and thereby aid, assist and accomplish the escape of said Mollie Vancleave from the custody of said sheriff and from said jail, they, the said David Stewart and Schuyler Stewart, knowing that said Mollie Vancleave was then and there under conviction and sentence for said crime and felony aforesaid, and in the custody of said sheriff by reason thereof."

Upon appellants' arraignment and plea of not guilty the issues joined were tried by a jury, and a verdict was re-

turned finding each of them guilty as charged, and that each be imprisoned in the State's prison for two years. Over their written motion to set aside the verdict herein, judgment was rendered against them thereon and in accordance therewith.

In this court, complaint is first made, on behalf of appellants, of the overruling by the trial court of their motion to quash the indictment herein. It is insisted by appellants' counsel that the indictment is bad for duplicity, in that it charges the appellants in a single count with the commission of two different and distinct offences defined in two different sections of the statute. It is settled by our decisions that duplicity, when it clearly exists, affords sufficient ground for sustaining a motion to quash an indictment or information. *Knopf* v. *State*, 84 Ind. 316; *State* v. *Weil*, 89 Ind. 286; *Fahnestock* v. *State*, 102 Ind. 156. But we do not think that the indictment, in the case under consideration, is at all open to the charge of duplicity. We have heretofore given the substance of the indictment herein, and it is manifest therefrom that it was intended to charge the appellants therein and thereby with the single specific offence against public justice which is defined, and its punishment prescribed, in section 2029, R. S. 1881. That section reads as follows: "Whoever, not being a person having the lawful custody of any prisoner charged with or convicted of a felony, shall aid or accomplish the escape of such prisoner, shall be imprisoned in the State prison not more than twenty-one years nor less than two years."

From the language used in the indictment in this case, it is clear, we think, that appellants are therein charged with the felony defined in section 2029, above quoted, almost in the exact terms of the statute; and this, under our decisions, makes the indictment sufficient to withstand the motion to quash it. *Ritter* v. *State, ante*, p. 324, and cases cited; *Trout* v. *State, ante*, p. 499. It is claimed, however, by appellants' counsel, that the language used in the indictment herein.

aptly charges the appellants, also, with the commission of the mere misdemeanor which is defined, and its punishment prescribed, in section 2031, R. S. 1881. That section provides as follows: "Whoever aids or assists a person lawfully confined in any jail, workhouse, city prison, or other lawful place of confinement to escape therefrom or in an attempt to escape therefrom, * * * shall be fined not more than five hundred nor less than fifty dollars, and imprisoned in the county jail not more than one year nor less than three months."

By comparing the provisions of sections 2029 and 2031, *supra*, severally, with the language used in the indictment under consideration, it can not be doubted, as it seems to us, that it was intended to charge the appellants in such indictment with the felony defined in section 2029, *supra*, and not with the mere misdemeanor defined in section 2031, above quoted. We are of opinion, therefore, that the indictment herein is not bad for duplicity, and that appellants' motion to quash it on that ground was correctly overruled. *Mills* v. *State*, 52 Ind. 187.

The only other error properly assigned by appellants is the overruling by the court below of their motion to set aside the verdict herein. Under this alleged error it is first insisted, on behalf of appellants, that the trial court erred in refusing to give the jury, at their request, the following instruction:

"If you find from the evidence that Mollie Vancleave escaped from the county jail unassisted by the defendants, and that, after she had so escaped, she met the defendants, who accompanied her to another part of the city, where she got into a buggy and was driven off by one Van Buskirk, and that the defendants had nothing whatever to do for or with the said Mollie, in aid of her escape, until after she had so escaped, and had no previous knowledge that she intended to escape, then you must find for the defendants."

It may be that the trial court erred in refusing to give the

jury the foregoing instruction, at appellants' request; but if it did, the error is not so saved in and presented by the record now before us as to be available to appellants for the reversal of the judgment. The evidence is not in the record, and, therefore, we can not and do not know that the instruction quoted was not properly refused upon the ground that it was wholly inapplicable to the case made by the evidence. In such a case it is well settled that we must presume, in aid of the decision below, that the instruction asked was not applicable to the case made by the evidence, and was, for that reason, properly refused. *Louisville, etc., R. W. Co.* v. *Harrigan*, 94 Ind. 245, and cases cited.

Again, it is not shown affirmatively by the record of this cause that it contains all the instructions given the jury by the court of its own motion. In such a case we must also presume, in support of the ruling complained of, that the record of this cause does not contain all of the court's instructions to the jury, and that the instruction above quoted was properly refused by the court below, because the law of such instruction had been given the jury by the court of its own motion and in its own language. The record must affirmatively overcome or exclude all such presumptions, or the ruling complained of, even though erroneous, will not be available here for the reversal of the judgment. This is well settled by the decisions of this court. *Freeze* v. *DePuy*, 57 Ind. 188; *Myers* v. *Murphy*, 60 Ind. 282; *Bowen* v. *Pollard*, 71 Ind. 177; *Morris* v. *Stern*, 80 Ind. 227; *Town of Princeton* v. *Gieske*, 93 Ind. 102; *Frank* v. *Grimes*, 105 Ind. 346; *Becknell* v. *Becknell*, 110 Ind. 42.

The bill of exceptions, containing some of the instructions given by the court of its own motion, contains, also, the following recital or memorandum, to wit:

"Instruction No. 1, stating the law of the case, grade of punishment, and citing the statute under which the indictment was drawn, is lost from the files of the court."

Of course, the record of the cause filed here on this appeal

does not contain a transcript of "Instruction No. 1" of the court's instructions, nor any statement of its contents beyond what is contained in the recital or memorandum above quoted. It may be assumed, however, we think, from the language used by the court in its second instruction, given of its own motion, that in such "Instruction No. 1" the court directed the attention of the jury to the provisions of both the sections 2029 and 2031, above quoted, of our statute "concerning public offences and their punishment;" for, in its second instruction, the court, of its own motion, charged the jury as follows :

"You will observe from these statutes, in case you find the defendants guilty as charged, you have a wide discretion in assessing the punishment ; and these two sections may be considered as one section, prescribing grades of punishment."

Appellants' counsel earnestly insists "that either this instruction was erroneous or the indictment was bad ; and we care not which horn of the dilemma appellee may take." In other words, appellants' counsel claims, as we understand the point he makes, that, if the instruction last quoted contains a correct statement of the law, the indictment herein is clearly bad for duplicity, in that it charges the appellants in a single count with the felony defined in section 2029, and with the misdemeanor defined in section 2031, above quoted. Conceding, without deciding, that the instruction under consideration is erroneous, it does not follow by any means that the error therein is of such a character as would authorize or justify the reversal of the judgment.

As we have seen, the appellants were charged in the indictment herein with the felony defined in section 2029, *supra,* and not with the mere misdemeanor defined in section 2031, above quoted. By the instruction we are now considering, the jury were told that, if they found appellants guilty as charged, they might in their discretion assess against the appellants the punishment prescribed for the misdemeanor merely in such section 2031 of the statute. If the court

erred, as claimed, in giving the jury this instruction, it is very certain, we think, that this error did not, and could not, in the nature of things, "prejudice the substantial rights of the defendants." In section 1891, R. S. 1881, of our criminal code, it is expressly declared that, "In the. consideration of the questions which are presented upon an appeal, the Supreme Court shall not regard technical errors or defects or exceptions to any decision or action of the court below, which did not, in the opinion of the Supreme Court, prejudice the substantial rights of the defendant." In conformity with these statutory requirements and in obedience thereto, we must disregard the alleged error of the court below, if it be an error, in giving the instruction last above quoted, because such error, as we have already said, did not, and could not, in our opinion, "prejudice the substantial rights of the defendants" herein. This conclusion is in harmony with, and is sustained by, a number of our decisions. *Clayton* v. *State,* 100 Ind. 201; *Trout* v. *State,* 107 Ind. 578; *Phillips* v. *State,* 108 Ind. 406.

It is claimed on behalf of appellants, that.the record fails to show their arraignment on the indictment herein, or that they entered any plea thereto. The order-book entry of the court below in the cause, appearing in the record, showed the arraignment of appellants upon the indictment herein, "and being each asked by the court whether he is guilty or not guilty, as therein charged, for plea thereto each says that he is not guilty." It was shown, also, on this subject, by bill of exceptions properly in the record, that "the court while in session directed Lee F. Wilson, Esq., the defendants' sole attorney, to take said indictment, read it to the defendants and advise them of the contents and charge in said indictment, and see how they desired to plead thereto; and that said Wilson then took said indictment, read the same to the defendants, advised and consulted with the said defendants and returned into court; that the court thereupon said to Wilson, in the presence of the defendants, 'How do

you plead to this indictment?' Whereupon said Wilson, in the presence of said defendants, then and there in open court, in response to said question of the court, replied: 'We plead not guilty;'" and that appellants were not otherwise arraigned on the indictment herein, and did not otherwise plead thereto, except as stated in such bill of exceptions.

Upon the showing made in the bill of exceptions, it may be said that the arraignment of the appellants on the indictment herein was irregular and informal, but their plea thereto was properly entered by their attorney in their behalf. The cause was tried upon issues duly joined, and certainly there was no error in the arraignment of appellants, or in their plea to the indictment, which did or could, in our opinion, prejudice their substantial rights in this cause in the slightest degree.

In conclusion, we are of opinion that no error is so saved in and presented by the record of this cause as to authorize or require the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Sept. 28, 1887.