| 120 | 65 |
| 132 | 428 |

No. 15,036.

## KILEY v. THE STATE.

CRIMINAL LAW.—*Minor.*—*Pool Table.*—*Permission to Play Upon.*—*Indictment.*—*Duplicity.*—*Statute Construed.*—Under section 2087, R. S. 1881, which provides that any person owning or managing a pool table, etc., who allows or suffers a minor to play at or upon such table, shall, upon conviction thereof, for each game so allowed or suffered to be played, be fined in any sum not more than fifty dollars nor less than five dollars, the offence consists in allowing the minor to play, the number of games played under one permission relating merely to the question of punishment, and hence where an indictment charges the playing of four games of pool at one time and place, it is not bad for duplicity.

SAME.—*Witness.*—*Immaterial Testimony.*—In a prosecution for permitting a minor to play upon a pool table, a question propounded to a witness asking him whether or not "he is the same person who had been a witness in several liquor cases," is objectionable, as calling for immaterial testimony.

From the Grant Circuit Court.

*A. Steele* and *J. A. Kersey*, for appellant.

*S. W. Cantwell*, Prosecuting Attorney, and *H. J. Paulus*, for the State.

OLDS, J.—This is a prosecution for unlawfully permitting

a minor to play pool. · The indictment charges that the defendant, John Kiley, on the 4th day of September, A. D. 1888, at said county of Grant, and State of Indiana, did then and there own and have the care, management and control of a certain pool-table, then and there situate, and did then and there unlawfully allow, suffer and permit one John Winchell to play four games of pool, at and upon said table, with one Isaac Wagoner, he, the said John Winchell, being then and there a person under the age of twenty-one years. There was a trial and the defendant found guilty, and his punishment assessed at a fine of twenty dollars.

There was a motion for a new trial by the defendant, which was overruled, and exceptions taken, and the defendant then moved the court in arrest of judgment, for cause that the facts stated in the indictment do not constitute a public offence; which motion in arrest of judgment was . overruled and exceptions taken, and the rulings of the court in overruling the motion for a new trial and in arrest of judgment are assigned as error.

The objection urged by counsel for appellant to the indictment is that it charges four separate and distinct offences; that the playing of one game of pool constituted an offence, and the indictment charges the playing of four games, and that the indictment is bad for duplicity. It is the well-settled doctrine that an indictment is bad which charges in one count two or more separate and distinct offences. State v. Weil, 89 Ind. 286; Knopf v. State, 84 Ind. 316. A motion to quash such an indictment made at the proper time would have to be sustained; but the question in this case is as to whether or not the indictment charges more than one offence. The statute upon which the prosecution is based reads as follows: Section 2087, R. S. 1881. "If any person owning or having the care, management, or control of any billiard table, pool table, or any kind of gaming table, bagatelle table, or pigeon-hole table, shall allow, suffer, or permit any minor to play billiards, bagatelle, pool, or any other game at or upon

such table or tables, he shall, upon conviction thereof, for each game so allowed, suffered, or permitted to be played, be fined in any sum not more than fifty dollars nor less than five dollars."

The offence, as we regard it, consists in allowing, suffering, or permitting a minor to play at or upon such table, and the punishment which shall be assessed depends upon the number of games; that is to say, the person owning, or having the care, management or control of a pool table is liable to a separate prosecution for each time he allows, suffers, or permits a minor to play at or upon such table; and when so allowed to play, if the minor plays one game, the person is liable to a fine of not more than fifty nor less than five dollars; if the minor plays two games, the person so permitting him is liable to a fine in double the amount, and so on in proportion to the number of games played under the one permission to play; each time permission is given, or the minor is suffered or allowed to play constitutes a separate and distinct offence, but when once permission is given, and the minor is allowed or suffered to play, the number of games played at one continuous sitting or playing constitutes but one offence, although several games may be played in succession; but if such minor ceases to play, and is again allowed, suffered or permitted to play, such subsequent playing constitutes a separate offence. This we think the fair and reasonable construction to be placed upon this section of the statute; to construe it otherwise we think would be placing an unnecessary burden upon the State, and inflicting a corresponding hardship upon the defendant by compelling the State to institute separate prosecutions for each game played, and subject the defendant to the payment of the costs of the several prosecutions for the doing of what is, in fact, but one unlawful act, and we think this construction fairly supported by the authorities. *Nace* v. *State*, 117 Ind. 114; *Freeman* v. *State*, 119 Ind. 501; *Moore* v. *State*, 65 Ind. 213.

The indictment charges the playing of four games of pool

Kiley v. The State.

at one time and place.   The motion in arrest was properly overruled.

It is further urged, that the court erred in giving the ninth instruction to the jury, which is as follows:    " If you find the defendant guilty, you will  take into consideration the number of games played by the witness Winchell, if more than one, which the evidence shows to have been played." What we have said in regard to the indictment, disposes of the objection made to this instruction.    The instruction was not subject to the objection urged.

Upon  cross-examination  of  the  witness  Winchell  in rebuttal, the  appellant  asked  him  the  question  as  to whether " he  was  not  the  same  Winchell  who  had  been a  witness  in  several  liquor  cases ;"  to  which  question the  State  objected,  and  the  court  sustained  the  objection, and  this  ruling  is  assigned  as  error.   It  does  not  appear  that  the  testimony  to  be  elicited  by  this  question would  have  any  materiality.   From  anything  that  appears in  the  case, it  was  immaterial  whether  the  witness  had  been a witness in  other  cases  or  not, and  the  objection  was  properly sustained.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Sept. 19, 1889.