Filed October 12, 1892.

---

No. 16,612.

McCOLLOUGH v. THE STATE.

CRIMINAL LAWS.—*Larceny.—Burglary.—Misjoinder of Counts.*—The joinder of counts for larceny and obtaining the same goods by burglary is expressly authorized by section 1748, R. S. 1881, and it is not necessary that it should affirmatively appear in either count of the indictment that the goods mentioned in each are identical. It is sufficient when the contrary does not appear.

SAME.—*Compelling Prosecuting Attorney to Elect.—Discretionary with the Court.* —The power of compelling the prosecuting attorney to elect upon which count he will proceed is discretionary with the court, and will not be disturbed unless there is an abuse of discretion.

SAME.—*Finding and Judgment Contrary to Evidence and Beyond Charge.— Misprision of Judge-—Presumption as to.*—Where the finding and judgment of the court were that the defendant " is guilty of burglary and grand larceny," and the indictment only charged burglary and petit larceny, it can not be assumed, as against the repeated statement in the record that it was a mere clerical error, and the finding of guilty of grand larceny being beyond the charge in the indictment and not supported by the evidence, and the punishment not being in accordance with that laid down for burglary, the judgment must be reversed.

From the Jackson Circuit Court.

*R. Applewhite* and *J. F. Applewhite,* for appellant.

*A. G. Smith,* Attorney General, and *W. T. Branaman,* Prosecuting Attorney, for the State.

MILLER, J.—This was a prosecution based upon an in-

dictment containing two counts, one for petit larceny and the other for burglary.

In the first count it is charged that the appellant, with others, did on the 24th day of March, 1892, "feloniously, take, steal and carry away one hundred and seventy pounds of meat of the value of thirteen dollars, and then and there the personal goods and property of Charles White."

In the second count the same persons are charged with breaking into the smoke-house of Charles White, on the night of March 24, 1892, with intent to burglariously steal, take and carry away the "personal goods and property of Charles White, then and there situate in said smoke-house."

The appellant's motion to quash the indictment was overruled, and this ruling is complained of in this court.

The only objection urged to the indictment is the joinder of the counts for larceny and burglary in the same indictment.

Duplicity for which an indictment or information will be quashed is the joinder of separate and distinct offences in one and the same count. *Knopf* v. *State*, 84 Ind. 316; *State* v. *Weil*, 89 Ind. 286; *Siebert* v. *State*, 95 Ind. 471; *Stewart* v. *State*, 111 Ind. 554; *Kiley* v. *State*, 120 Ind. 65.

The joinder of counts for larceny and obtaining the same goods by burglary is expressly authorized by section 1748, R. S. 1881. In our opinion it is not necessary that it should affirmatively appear in the indictment, or either count thereof, that the goods obtained by the burglary are the same goods mentioned as being the subject of the larceny. It is sufficient, when the indictment is assailed, that the contrary does not affirmatively appear.

We are also of the opinion that the court did not err in refusing to compel the prosecuting attorney to elect upon which count of the indictment he would proceed.

This was a matter largely within the discretion of the

trial court, and we can not say that this discretion was abused. *Glover* v. *State*, 109 Ind. 391, and cases cited.

The cause was submitted to the court for trial, and a finding and judgment entered of guilty of burglary and grand larceny, and the appellant was sentenced to make his fine to the State in the sum of ten dollars, and be imprisoned in the State prison for three years, and disfranchised for a like period of time.

The appellant insists that the court erred in finding and adjudging him guilty of both burglary and larceny; and that it also erred in finding him guilty of grand larceny, when he was indicted for petit larceny.

The finding of the court is that the defendant " is guilty of burglary and grand larceny, as charged in the indictment."

The judgment is that the defendant " is guilty of burglary and grand larceny."

That the court should not have entered a finding and judgment for grand larceny upon an indictment for petit larceny is too clear for argument or the citation of authorities.

It may be that the substitution of the word "grand" in place of "petit" was a clerical misprision, but we can not assume, as against the repeated statement in the record, that such was the fact.

Not only was the finding that he was guilty of grand larceny beyond the charge made by the indictment, but it was not supported by the evidence. The only evidence given of the value of the meat, which was the subject of the larceny, is in the testimony of Charles White, the prosecuting witness, who fixed its value at $20.

The penalty fixed by the court in its finding and judgment was such as might have been awarded for either grade of larceny, but not of burglary, a fine being no part of the punishment for that offence, section 1919, R. S. 1881. The term for which the appellant was sentenced, being the

extreme period allowed for petit larceny we are unable to say that the court intended the punishment for that grade of crime, and that it was no greater than it would have been if the conviction had been for petit larceny. The presumption is that the punishment was in accordance with the grade of crime, of which the court found him guilty and, therefore, greater than it would have been if the appellant had been convicted of petit larceny.

The judgment is reversed, with instructions to grant the appellant a new trial.

Filed Oct. 13, 1892.