The State *v.* Malone.

Filed Nov. 10, 1893.

---

No. 995.

## THE STATE *v.* MALONE.

CRIMINAL LAW.— *Indictment.— Duplicity.— Obstructing Highway with Cars.*—An indictment for obstructing a highway with cars, based on section 2170, R. S. 1881, which charged that the defendant, being then and there a conductor, etc., did "unlawfully permit and suffer" the train "to remain and stand across" the street, and did "fail and neglect to leave a space of sixty feet across said street," is not bad for duplicity.

SAME.—*Indictment, Sufficiency of.—Obstructing Highway with Cars.— Name of Road not Essential.*—In an indictment founded on section 2170, R. S. 1881, it is not essential to the validity of the charge, that the railroad be named.

SAME.—*Indictment.—Joinder of Offenses in Same Count.—Offenses Mentioned Disjunctively.*—Where a statute makes it an offense to do this or that, or another thing, mentioning several things disjunctively, either one of which, when committed, would constitute one and the same offense, to which the same punishment is prescribed, all the things mentioned in the statute may be charged conjunctively as constituting but a single offense.

From the Adams Circuit Court.

*A. G. Smith*, Attorney-General, and *R. H. Hartford*, Prosecuting Attorney, for State.

*A. P. Beatty, L. C. De Voss* and *T. J. O. Brien,* for appellee.

Lotz, J.—This was a criminal prosecution against Thomas Malone, for obstructing a public highway, and was commenced before a justice of the peace. There was a trial and conviction before the justice, and, from the judgment rendered, an appeal was taken to the circuit court. In the circuit court, the affidavit upon which the prosecution was based, was quashed on the motion of the defendant, and the defendant discharged.

The State appealed to this court, and has assigned as error the decision of the court quashing the affidavit.

Omitting the formal parts, the affidavit is as follows: "James O. Ball swears that Thomas Malone, on the 7th day of February, 1893, at and in the county of Adams, and State of Indiana, being then and there the conductor and person having charge of and running a certain railroad train carrying, or used for carrying, freight, did then and there unlawfully permit and suffer the same to remain standing across a certain public street in the city of Decatur, Indiana, to wit, Monroe street, and did then and there fail and neglect to leave a space of sixty feet across said street."

The section of the statute on which this prosecution is based is in these words: "Whoever, being a conductor or other person having charge of or running a railroad train carrying or used for carrying freight, permits or suffers the same to remain standing across any public highway, street, or alley; or who, whenever it becomes necessary to stop such train across any highway, street, or alley, fails or neglects to leave a space of sixty feet across such public highway, street, or alley, shall be fined not more than twenty dollars nor less than three dollars." Section 2170, R. S. 1881.

The purpose of this statute is to prevent the obstructtion of the public highways of the State by freight trains, at such points as the railroads cross the same.

The statute above set out defines two distinct offenses, to which the same penalty is attached; the first one consists in permitting or suffering a freight train to stand across the highway. The "standing across," as here used, does not mean for an instant merely, but it means that such standing shall continue or remain long enough to become an obstruction and prevent the free enjoyment of the highway by the citizens of the State, who may have occasion to use the same. The standing across contemplated is one of a transient character. The second offense defined consists in bringing the train to a stop, coupled with the failure or neglect to leave a space of sixty feet vacant across the highway. The statute recognizes that there may be occasions, in the management of freight trains, when it is necessary to make a stop of longer duration than a mere transient one; and whenever such an occasion arises, and the train extends across a highway, it is made the duty of the person having the management to cut the train and leave a space of sixty feet between the ends and across the highway.

The affidavit in this case charges that the defendant did "unlawfully permit and suffer" the train "to remain standing across" the street, and did "fail and neglect to leave a space of sixty feet across said street."

Is the affidavit bad for duplicity, in that it charges the defendant with having committed two distinct offenses in the same count? Repugnancy and duplicity are not good causes for quashing a criminal charge, as a general rule. But if the indictment or information charge the defendant, in a single count, with two or more distinct offenses, it is bad for duplicity, and a motion to quash should be sustained. *Knopf* v. *State*, 84 Ind. 316; *State* v. *Weil*, 89 Ind. 286; *Joslyn* v. *State*, 128 Ind. 160.

Where a statute, like the one above quoted, makes it an offense to do this or that, or another thing, mentioning

several things disjunctively, either one of which, when committed, would constitute one and the same offense to which the same punishment is prescribed, all the things mentioned in the statute may be charged conjunctively as constituting but a single offense; or, in other words, where the acts charged were done by the same person, at the same time, and as a part of the same transaction, and subject the offender to the same punishment, they constitute but one offense, and may all be joined in one count. *Davis* v. *State*, 100 Ind. 154; *Fahnestock* v. v. *State*, 102 Ind. 156; *State* v. *Wells*, 112 Ind. 237.

The two offenses defined by the statute under consideration, that is, permitting the train to stand across the highway and stopping the train across the highway and failing to cut the same, each culminate in producing the same result, that is, obstructing the highway, and can both be done by the same party in the same time. The last act is but a continuation of the first. The affidavit is not bad for duplicity.

The affidavit does not state or give the name of the railroad that crossed the street obstructed. The forms given for prosecutions under similar statutes state the name of the railroad (Gillett's Crim. Law, sections 717, 718 and 719). We do not consider it essential, however, to the validity of such charge, that the railroad be named. It is true that it adds one more degree of certainty to the charge, but the charge is sufficiently specific without it. The essential element of the offense is the obstruction of the highway by a freight train. If the highway is specifically described, and the obstruction designated, the indictment or information is sufficiently specific to apprise the defendant of the charge which he is required to meet.

"It is not the law that an indictment shall be so distinct and minute in its description of the offense or the

offender as to constitute, without parol proof, a bar to a second prosecution for the same offense.   The identity of the two accusations may always be shown by parol.'' *State* v. *Smith,* 7 Ind. App. 166, 34 N. E. Rep. 127.

The motion to quash should have been overruled.

Judgment reversed, with instructions to overrule the motion to quash.

