## HERRON v. THE STATE.

[No. 2,336.    Filed March 9, 1897.]

CRIMINAL LAW.— Affidavit.— Duplicity.— Motion to Quash.— When
duplicity in an affidavit clearly exists, it is sufficient ground for
sustaining a motion to quash.   pp. 163, 164.

SAME.—Affidavit.—Duplicity.—Before an affidavit can be held bad for
duplicity there must be a joinder of two or more separate and dis-
tinct offenses in one and the same count.   p. 164.

SAME.—Intoxicating Liquors.— Affidavit.— Duplicity.— An affidavit
charging a violation of section 4, Act of March 11, 1895, prohibiting,
during such days and hours when the sales of intoxicating liquors
are unlawful, the maintaining of screens obstructing the view of a
room in which such liquors are sold, is not bad for duplicity because
it contains some, though not all, of the averments necessary to
charge an offense under another and different statute.   pp. 162–164.

SAME.— Trial Not Concluded Until Judgment is Rendered.—In a
criminal cause the trial is not concluded until judgment is rendered;
and until that time the power of the court to extend the time of
making out and presenting a bill of exceptions is not exhausted.
p. 165.

APPEAL AND ERROR.—Bill of Exceptions.—Request for Written In-
structions.—When the trial judge says in the bill of exceptions that
he was required by defendant to give the jury instructions in writ-
ing, and the bill shows that he did instruct in writing, and that

after the giving of written instructions he gave the defendant an exception to the giving of an oral instruction, the record sufficiently shows that the request for written instructions was properly made. *pp. 166, 167.*

INSTRUCTIONS.—*Direction as to Form of Verdict not an Instruction.— Statute Construed.*—Where the jury had already been instructed as to the punishment they might inflict if they found the defendant guilty, an instruction setting out the forms of verdict that might be returned, is not an instruction within the meaning of section 1892, Burns' R. S. 1894, subd. 5, requiring the court to instruct the jury in writing upon request made at any time before the commencement of the argument. *pp. 168–170.*

From the Montgomery Circuit Court. *Affirmed.*

*James Wright* and *James M. Seller,* for appellant.

*W. A. Ketcham,* Attorney-General, *Merrill Moores* and *Dumont Kennedy,* for State.

ROBINSON, J.—This cause was transferred to this court by the Supreme Court.

The appellant was charged with violating the provisions of section 4, of the Act of March 11, 1895 (Acts 1895, section 4, p. 250). A motion to quash the affidavit was overruled. A trial by jury resulted in a verdict of guilty as charged. Over a motion in arrest of judgment and a motion for a new trial, the court rendered judgment on the verdict.

The errors assigned by appellant and argued by his counsel in their brief are the overruling of his motion to quash the affidavit, and his motion for a new trial.

Counsel for the appellant insist that the affidavit is bad for duplicity. Omitting the formal parts, the affidavit reads as follows: "William Royer, of lawful age, being duly sworn upon oath says, he is informed and believes that at and in the county of Montgomery, and State of Indiana, on the 4th day of July, 1895, one Thomas Herron did then and there unlawfully erect, caused to be erected, and kept in position certain screens, blinds, and obstructions, which said blinds, screens, and obstructions were placed by said Thomas

Herron in a certain building and room kept, operated, and controlled by the said Thomas Herron, in which said room intoxicating liquors were sold on July 4, 1895, and are sold by virtue of a license issued under the laws of the State of Indiana, in less quantities than a quart at a time, to be drunk on said premises and in said room, that sales of intoxicating liquor are forbidden by the laws of the State of Indiana on said 4th day of July, and that said curtains, blinds and screens did then and there obstruct the entire view of said room so kept by the said Thomas Herron, from the highway upon which said room is situated and from the people who passed upon said highway in front of and by said room so kept by the said Thomas Herron, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Indiana."

The statute under which the affidavit is filed is as follows: "Any room where intoxicating liquors are sold by virtue of a license issued under the law of the State of Indiana, for the sale of spirituous, vinous, malt or other intoxicating liquors in less quantities than a quart at a time, with permission to drink the same upon the premises, shall be situated upon the ground floor or basement of the building where the same are sold, and in a room fronting the street or highway upon which such building is situated, and said room shall be so arranged, either with window or glass door, as that the whole of said room may be in view from the street or highway, and no blinds, screens or obstructions to the view shall be arranged, erected, or placed so as to prevent the entire view of said room from the street or highway upon which the same is situated during such days and hours when the sales of such liquors are prohibited by law. * * *"

It is well settled in this State that when duplicity

clearly exists it is sufficient ground for sustaining a motion to quash. *Davis* v. *State*, 100 Ind. 154; *Joslyn* v. *State*, 128 Ind. 160; *Knopf* v. *State*, 84 Ind. 316; *Fahnestock* v. *State*, 102 Ind. 156.

Before an affidavit can be held bad for duplicity there must be a joinder of two or more separate and distinct offenses in one and the same count. *McCollough* v. *State*, 132 Ind. 427; *Kiley* v. *State*, 120 Ind. 65; *State* v. *Weil*, 89 Ind. 286.

Is the charge in the affidavit sufficient to sustain a conviction either under the statute above set out, or for a sale of intoxicating liquors on the fourth day of July? It does charge a violation of the provisions of the above statute. Does it charge an unlawful sale on the day named? Without attempting to set out all the necessary averments in an affidavit charging such unlawful sale, it is sufficient to say that this affidavit does not state to whom a sale was made, nor does it state that on that day a sale of intoxicating liquors was made, to be drunk as a beverage. *Dowdell* v. *State*, 58 Ind. 333; *Allman* v. *State*, 69 Ind. 387; *Morel* v. *State*, 89 Ind. 275.

The affidavit may contain averments not absolutely necessary, but it cannot be held bad for duplicity because it contains a part only of the averments necessary to charge an offense under another and different statute. We do not think the affidavit charges the appellant with having committed two different offenses, defined in two different sections of the statutes. The motion to quash was properly overruled.

It is urged by the State that the questions raised by the motion for a new trial are not properly in the record.

On the 14th day of September, 1895, a jury was impaneled to try the appellant, and on the same day returned a verdict of guilty. On the 8th day of October,

1895, during the term at which the verdict was ren-
dered, the appellant filed a motion for a new trial. At
the same term, on the 21st day of October, 1895, the
motion for a new trial was overruled, to which appel-
lant excepted, and thirty days' time was given within
which to prepare and file a bill of exceptions. No bill
was filed within the time thus allowed. On the date
last named the appellant filed his motion in arrest of
judgment. At the next succeeding term of court, on
the 6th day of November, 1895, the motion in arrest
was overruled and exception taken, and thirty days'
time given to file a bill of exceptions. No bill was filed
within the time given. At the same term of court, on
the 23d day of December, 1895, judgment was ren-
dered on the verdict and thirty days' time given to
file a bill of exceptions, "and it is ordered that the
time heretofore given said defendant in which to file
a bill of exceptions be, and the same is hereby ex-
tended thirty days from this date." On the 2d day of
January, 1896, bill of exceptions number one, and
bill of exceptions number two were filed and have
been certified as a part of the record.

Section 1916, Burns' R. S. 1894, provides, "All bills
of exceptions, in a criminal prosecution, must be made
out and presented to the judge at the time of the trial,
or within such time thereafter as the judge may allow,
not exceeding sixty days from the time judgment is
rendered."

The record shows that within the time allowed by
the court after judgment was rendered, the appellant
filed his bill of exceptions.

In a criminal cause the trial is not concluded until
judgment is rendered and until that time the power
of the court to extend the time of making out and
presenting a bill of exceptions is not exhausted.
*Barnaby* v. *State,* 106 Ind. 539.

In defining the word "trial" it was said in *Sturgeon* v. *Gray*, 96 Ind. 166, that, "The word 'trial,' as used in the above section, must be held to include all the steps taken in the cause, from its submission to the jury to the rendition of the judgment."

The case of *Kelsey* v. *Hay*, 84 Ind. 189, cited by appellant, was a civil cause and is based upon a statute, the phraseology of which is unlike the statute above set out.

The appellant asked that the following instruction be given, which was refused: "5. The defendant can not be found guilty by you in this case unless you find him guilty of having violated all the provisions of section four of the act of March 11th, 1895, under which this prosecution is brought." This was not error. *State* v. *Gerhardt*, 145 Ind. 439.

Appellant's counsel insist that the court erred in giving oral instructions to the jury after having been requested to give all instructions in writing, while the State contends that the record does not affirmatively show that the court was requested, before the beginning of the argument, to instruct the jury in writing, and for that reason no question can be raised as to the giving of oral instructions.

Section 1892, Burns' R. S. 1894 (1823, Horner's R. S. 1896), Subdiv. 5, provides that, "The court must then charge the jury; which charge, upon the request of the prosecuting attorney, the defendant or his counsel, made at any time before the commencement of the argument, shall be in writing, and the instructions therein contained numbered and signed by the court."

The bill of exceptions states that it contains all the instructions given by the court at the request of the appellant, and also the instructions given by the court of its own motion; and that it contains all the instruc-

tions, oral and written, given at the trial of the cause. It appears from the record that the appellant requested that the instructions to the jury be given in writing. Immediately preceding the instructions given by the court of its own motion, the record says: "defendant having required the court to give its instructions in writing, the court instructs the jury." Then follow the instructions. It is further shown that after the giving of the written instructions the court gave to the jury certain oral instructions; to the giving of which instructions, orally, the appellant at the time excepted. The oral instructions are set out in the record. The record further shows that it contains all the instructions written and oral, given in the cause.

It is the law in this State, as declared in numerous decisions, that the record must affimatively show that the request for written instructions was made before the beginning of the argument. No particular form of words is necessary, but the record must disclose that such a request was so made. That provision of the statute is for the benefit of the trial judge. It is a right upon which he may at all times insist, but we know of no authority denying his power to waive that right. If the request is made before the beginning of the argument, there is no alternative; but if made after the argument has begun and he chooses to comply with it, he certainly has the power to do so.

The duty of framing and settling a bill of exceptions is judicial. It is the duty of the trial judge to see that the bill is framed so that it will express his own judgment and understanding of the facts. Although he may be compelled to settle and sign the proper bill of exceptions, he cannot be compelled by mandamus to put into the bill any matter which, in his judgment,

does not properly belong in it.   Elliott's App. Proced., sections 516 and 798.

In *Galvin* v. *State, ex rel.*, 56 Ind. 51, the following definition of a bill of exceptions was adopted: "A formal statement in writing, of exceptions taken to the opinion, decision or direction of a judge, delivered during the trial of a cause; setting forth the proceedings on the trial, the opinion or decision given, and the exception taken thereto; and sealed by the judge in testimony of its correctness." *Schlungger* v. *State*, 113 Ind. 295; *Bowen* v. *State*, 108 Ind. 411.

When a bill has been signed, filed and made a part of the record as required by law, it imports absolute verity.   If there is a variance between the bill and order book, or other entries, the bill controls, for the reason that the record and other entries are kept by the clerk, while the bill of exceptions is the act of the judge who signs it.   Elliott's App. Proced., section 811. and cases cited in notes.

When the trial judge says in the bill of exceptions that he was required by the defendant to give the jury instructions in writing, and the bill shows that he did instruct in writing, and that after the giving of written instructions he gave the defendant an exception to the giving of an oral instruction, this court must conclude that the proper request for written instructions was made.   We must give to the language used its ordinary significance and meaning.   We think it affirmatively appears from the record in this cause that the request for written instructions was properly made.

It is shown by the bill that the court at the time of reading the written instructions to the jury, orally instructed them as follows:   "If you find the defendant guilty the form of your verdict will be, 'We, the jury, find the defendant guilty as charged in the affidavit,

and that he be fined ———— dollars;' or you may, if you find the defendant guilty and desire to exempt him from the payment of costs, use the following form, 'We, the jury, find the defendant guilty as charged in the affidavit and assess his punishment at a fine of ———— dollars, and we specially find that he pay no costs.' If, on the other hand, you find the defendant not guilty, the form will be, 'We, the jury, find the defendant not guilty.' In either case the verdict to be signed by your foreman." The bill further shows that "to the giving of each of said oral instructions orally, the defendant at the time excepted."

The court had already instructed the jury in writing that if they found the defendant guilty it was their duty to assess a fine against him in any sum not less than $10.00 nor more than $100.00, to which they might add imprisonment in the county jail for any determinate period not exceeding ninety days, and that they might in their verdict assess a fine against the defendant and exempt him from the payment of any or all costs.

In *Littell* v. *State*, 133 Ind. 577, it was held reversible error where the trial court, after giving written instructions, "orally told the jury that the punishment that they were authorized to inflict upon the defendant, if found guilty of manslaughter, would be not more than twenty-one years nor less than two years."

In *Smurr* v. *State*, 88 Ind. 504, it was held error to read from the statutes of the State. In *Provines* v. *Heaston*, 67 Ind. 482, it was held error to orally substitute the word "fairly" for the word "strictly." In *Hopt* v. *People*, 104 U. S. 631, the trial court indicated a place for the insertion of an extract from a book, which was held error. In *Stephenson* v. *State*, 110 Ind. 358, the cause was reversed because of the following verbal instruction: "Gentlemen of the jury, if the

State has failed to make out a case against this defendant beyond a reasonable doubt, or if the defendant by his evidence has raised a reasonable doubt, then your verdict will be as follows: (reading form of verdict for defendant)."

We do not think the oral instruction complained of is an instruction within the meaning of the statute. It told the jury nothing upon the merits of the case. They had already been instructed as to the punishment they might inflict if they found the defendant guilty. That fact distinguishes this case from the case of *Littell* v. *State, supra*, where it appeared the court had not told the jury the punishment they could inflict, except as stated in the oral instructions. In the case at bar the oral statement contained no rule of law governing the guilt or innocence of the accused, nor was there any rule of law stated by which the jury should be governed in reaching a verdict; but the statement was simply a direction to the jury as to the manner in which they should express their decision of the cause, under the rules of law already given to the jury in writing. *Bradway* v. *Waddell*, 95 Ind. 170; *Stanley* v. *Sutherland*, 54 Ind. 339; *Lehman* v. *Hawks*, 121 Ind. 541.

Taking the instructions as a whole, they correctly stated the law applicable to the case, and we think sufficiently informed the jury as to their duties in the case.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.