UNITED STATES OF AMERICA *v.* NG YEE CHOUNG.

December 1, 1915.

1. *Indictment—Counts:* Where a statute sets forth a series of acts, either of which or all together constitute an offense, fixing the same penalty for one or all of them, the commission of two or more of them may be alleged in one count of an indictment if conjunctively charged.

2. *Practice:* If all such alleged acts are committed by one person at the same time and place, they are parts of the same transaction and constitute a single offense.

3. *Same—Indictments—Counts:* Several alleged distinct offenses under different Acts of Congress, of the same class which may be properly joined, may be set out in separate counts in the same indictment, or if they are charged in several indictments, the court may order such indictments to be consolidated.

4. *Same—Same—Same—Offenses of different kinds charged in same indictment:* If an indictment contains counts charging offenses not only under different statutes, but also of different classes or grades, requiring different punishments, the practice is to require the prosecution to elect.

*Indictment:* Motion to quash.

*H. W. Vaughan,* Assistant U. S. Attorney, for the United States.

*G. A. Davis* for the defendant.

Dole, J.   The motion to quash may be divided into two parts; first, that the indictment is bad in that two or more offenses are set out in the same count of the said indictment; second, that there are several distinct offenses and crimes set out in the said indictment under different acts of Congress, the punishment for the violation of which is different, involving separate counts in which such distinct offenses are separately charged.

[1] [2] As to the first division, it is a feature of the statutes against opium that a number of offenses are charged

disjunctively in the same act, and sometimes in the same paragraph. For instance, the statute forbidding the importation into the United States of smoking opium or opium prepared for smoking, uses the following language: "or shall receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment or sale of such opium", evidently describing several offenses, under which statute, with the proper indictment, any of such acts, if proved may be punished.

It is the practice here and in other jurisdictions, however, to follow the words of the statute in a single count of an indictment, but instead of setting them forth disjunctively, or connected by the word "or", they are set forth conjunctively, or connected by the word "and." This charges them as constituting a single offense, and authorizes a verdict of guilty if there is proof of any of such acts.

The case of *Morganstern v. Commonwealth,* 26 S. E. 403, a Virginia case, has the following:

"Where the legislature, for the purpose of suppressing a vice or preventing a wrong, has, by statute, made the vice or wrong a criminal offense, and, in defining the offense, has specified a series of acts, either of which separately or all together may constitute an offense, and has prescribed, as here, the same penalty for the commission of one or all of the acts, it is well settled that the commission of any two or more of them may be alleged in the same count of an indictment, if conjunctively charged. Although each act by itself may constitute an offense under the statute, yet, if they are all committed by the same person at the same time and place, they are to be considered as parts of the same transaction, and collectively constitute a single offense."

See also *State v. Malone,* 35 N. E. 198; *State v. Fidler,* 47 N. E. 465, and *State v. Dawson,* 78 N. E. 353; all Indiana cases.

The indictment in this case charges in the first count that the defendant did unlawfully import opium, and in

the second count that he did "feloniously receive, conceal, buy and sell, and facilitate the transportation, concealment and sale of certain opium". In the third count, that he did "then and there unlawfully produce, import, manufacture, deal in, dispense, sell, distribute and give away opium", etc., without registering his place of business as required by law, and without having paid the special tax required by law.

In these three counts the offenses respectively charged, are charged conjunctively and come within the precedents cited above.

I am of the opinion that the rule established by such authorities is sound and not unfair to the defendant, and overrule that part of the grounds of the motion to quash.

As to the ground of the motion to quash, that there are several distinct offenses and crimes set out in said indictment under different and separate acts of Congress, punishment for which upon conviction thereof is different, section 1204 of the Revised Statutes has the following:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses which may be properly joined, instead of having several indictments, the whole may be joined in one indictment in separate counts; and if two or more indictments are found, in such case the court may order them to be consolidated."

The second provision of this law, providing that where there are several charges against any person for "two or more acts or transactions connected together", appears to the first three counts of this indictment. The first count charges felonious importation of opium, or assistance in so doing; the second count charges, among other things, dealing with opium after the importation thereof; the third charges importation and manufacturing, among other

things, without registering and without having paid the special tax required.

A case in 10 Mich. 54, 95, entitled *McKinney's Case,* has the following:

"Where the several offenses charged, though distinct in point of law, yet spring out of substantially the same transaction or are so connected in their facts as to make substantially parts of the same transaction, or connected series of facts, the defendant cannot be prejudiced in his defense by the joinder, and the court will neither quash nor compel an election."

[3] This authority applies to the second division of the statute as above cited, where there are several charges against any person "for two or more acts or transactions connected together, instead of having several indictments all may be joined in one indictment in separate counts"; and it would appear also that the first division of the statute would apply, "where there are several charges against any person for the same act or transaction". If these different charges were made in separate indictments, it would seem that under the same statute they might, at the discretion of the court, be consolidated for trial.

The fourth count charges the manufacture of opium for smoking purposes, without filing with the collector of internal revenue the notices and inventories and bonds required by the regulations prescribed by the commissioner of internal revenue, and failing to render a return of material and products as required by such regulations and failing to put up signs and the number of his factory as required by such regulations, and that the defendant did conduct his business without the surveillance of the officers and agents required by such regulations. The punishment under the statute (38 Stat. 277) of which this count charges a violation, is a penalty of not less than ten thousand dollars or imprisonment for not less than five years.

It will be seen that here is a charge not only under a

separate statute from those under which the first three counts were brought, but a statute creating an offense not in the same class or grade, but of a different character from those charged in the other counts and requiring a different punishment. In form it is in the nature of an internal revenue act, providing for a heavy tax on the manufacture of opium, making it ostensibly an act for revenue, although in its details it certainly is intended conspicuously to discourage the manufacture of opium.

"Such a joinder of incongruous charges has been made a ground for granting a new trial, because 'it can hardly be said that a party has had a full, fair and impartial trial who has been forced to defend himself on the same indictment against two inconsistent and widely different offenses.'" *State v. Fitzsimmons*, 18 R. I. 236.

In *State v. Tuller*, 34 Conn. 299, the court said:

"In England, if two different felonies are charged in separate counts, the court will quash the indictment. But that is not the practice here; the court, if two distinct transactions are joined, may direct the attorney to elect and to nolle one of the counts."

In *State v. Scott*, 15 S. C. 436, it is held:

"That if distinct felonies, not growing out of the same transaction, are charged in separate counts, the practice is to require an election, even though no motion to that effect could be made by the accused."

[4] Now, although the offense charged in the fourth count may have grown partially out of the same transaction or course of conduct as is charged in the other counts, yet the different nature of the offense and its incongruous character as compared with the charges in the other counts, justify the court in following these precedents.

The court finds that the four counts of the indictment should not be tried together, as unfair to the defendant, and requires the prosecution to elect to proceed to trial either under the first three counts of the indictment or under

the fourth.   It is not necessary, under such conditions, that the whole indictment should be quashed, but it is in the discretion of the court to rule as above; and the court so rules.