## TENNIS COMPANY v. DAVIS.

[No. 7,104. Filed November 15, 1910. Waiver of petition for rehearing November 17, 1910.]

1. MASTER AND SERVANT.—*Safe Place.*—It is the duty of a master to furnish for his servant a reasonably safe place in which to work. p. 439.

2. MASTER AND SERVANT.—*Assumption of Risk.—Want of Knowledge.—Interurban Railroads.—Poles too near Track.—Complaint.*—A complaint against an interurban railroad contracting company alleging that such company set its poles within four and one-half feet of the track, and that the plaintiff, without knowledge thereof, in discharging his duty of extending his arm from the side of the car to signal the engineer, sustained injuries by striking one of such poles, states a cause of action, the allegation of want of knowledge sufficiently negativing assumption of risk. p. 439.

3. MASTER AND SERVANT.—*Assumption of Risk.—Negativing.—Complaint.*—A complaint at the common law, alleging that defendant interurban railroad contractor placed trolley poles too near the track, and that the plaintiff, in signaling to the engineer, sustained injuries, and that the plaintiff was ignorant of the proximity of such poles to the track, states a cause of action. p. 439.

4. MASTER AND SERVANT.—*Assumption of Risk.—Failure to Negative.*—A paragraph of complaint alleging that defendant interurban railroad contractor negligently set a crooked trolley pole near the track, that the crook thereof was too near the track and that the plaintiff brakeman in signaling to the engineer was struck on the hand, sustaining injuries, is bad, since it does not negative the assumption of the risk. p. 439.

5. APPEAL.—*Verdict upon Several Paragraphs of Complaint.—Insufficiency of Paragraphs.*—A judgment resting on a complaint consisting of several paragraphs, some of which are insufficient, will be reversed unless it affirmatively appears that it rests upon a good one. p. 439.

From Clark Circuit Court; *Harry C. Montgomery*, Judge.

Action by John Davis against the Tennis Company. From a judgment on a verdict for plaintiff for $472, defendant appeals. *Reversed.*

*M. Z. Stannard* and *Jonas G. Howard, Jr.,* for appellant.

*H. W. Phipps, George C. Kopp* and *James K. Marsh,* for appellee.

COMSTOCK, C. J.—Appellee sued appellant to recover damages for personal injuries sustained by him while in the employ of appellant.

The complaint is in two paragraphs. The first alleges, in substance, that appellant was engaged in constructing an electric interurban railway; that in constructing said railway large wooden poles, known as trolley-poles, to which arms were fastened that supported the trolley-wire, were placed in an upright position parallel with said railroad track; that on November 18, 1907, said company was engaged in constructing said line; that on said day plaintiff was employed by defendant as a brakeman on defendant's work-train; that defendant erected all of said trolley-poles along said railroad track, graded the roadbed, laid the rails and ballasted said traction line; that defendant carelessly and negligently placed said poles four and one-half feet from said track, thereby rendering it dangerous to plaintiff in giving signals to the engineer, which facts were well known to defendant and of which plaintiff had no knowledge; that on November 18, 1907, plaintiff, while working for defendant company as brakeman on its work-train, and while in the proper discharge of his duties as brakeman, was ordered by defendant's foreman to give a certain signal to the engineer in charge of and operating the locomotive engine drawing said work-train; that it was the duty of plaintiff to obey and conform to the orders of said foreman; that in order properly to signal said engineer it was necessary for plaintiff to stand on and near the edge of said work-car, and endeavor to get the attention of said en-

gineer by extending his right hand and arm from the side of said car upon which he was standing, and thereby give to said engineer the proper signal to stop; that while attempting to signal said engineer, as aforesaid, plaintiff's right hand and wrist, suddenly and without warning, came in violent contact with one of said trolley-poles located near said track, as aforesaid, thereby bruising and injuring the hand and wrist of plaintiff, all of which was caused by the carelessness and negligence of defendant in placing said poles within a distance of four and one-half feet of said railroad track; that if defendant had placed said trolley-poles farther away from said railroad track, which could have been done, said poles would have answered the same purpose.

The second paragraph alleges, substantially, the same facts as the first, except that it does not negative assumption of risk, and alleges that the pole which plaintiff's hand came in contact with was crooked; that owing to the carelessness and negligence of defendant in using said pole with the crook, causing that part of the pole to be nearer to the hand and arm of plaintiff in giving signals, he received the injuries complained of.

A separate demurrer for want of facts was overruled to each paragraph, and an answer was filed in general denial. The cause was submitted to a jury and a verdict returned in favor of appellee. With the general verdict the jury returned answers to interrogatories. Over appellant's motion for a new trial judgment was rendered upon the verdict

The assignment of errors questions the sufficiency of each paragraph of the complaint, the correctness of the ruling on appellant's motion for judgment on the answers to interrogatories, and the overruling of appellant's motion for a new trial.

The objections to the first paragraph of complaint are, that it fails to charge a violation of a duty owing to appellee, and that the general allegations of the servant's want of knowledge of the alleged defect or danger is overcome by

facts specifically alleged, where it appears that the defect and danger were obvious, and nothing is alleged showing want of opportunity to know of their existence. It is the duty of the master to furnish a reasonably safe place in which his employe is required to work. The facts set out bring the case within this rule. The complaint avers that at the time plaintiff was injured he had no knowledge of the dangerous proximity of the trolley-pole. This averment was sufficient. *Baltimore, etc., R. Co.* v. *Abegglen* (1908), 41 Ind. App. 603. Assumption of risk implies knowledge of danger. Denial of knowledge is equivalent to a denial of assumption of risk. The specific averments of fact in question are not sufficient to overthrow this denial of knowledge.

Each paragraph charges a violation of a common-law duty of the master to his servant. In such actions a complaint for personal injuries should, in some form, deny the assumption of risk upon the part of the servant.

The objection urged to the second paragraph of complaint is that it does not deny that appellee assumed the risk. Said paragraph fails to deny this assumption, either directly or by inference. The demurrer should have been sustained. Therefore, unless it affirmatively appears that the verdict rests upon the first paragraph of the complaint, the judgment must be reversed. *Lake Erie, etc., R. Co.* v. *McFall* (1905), 165 Ind. 574; *Southern R. Co.* v. *Jones* (1904), 33 Ind. App. 333; *Baltimore, etc., R. Co.* v. *Hunsucker* (1904), 33 Ind. App. 27; *Norton-Reed Stone Co.* v. *Steele* (1903), 32 Ind. App. 48; *Walker* v. *Heller* (1885), 104 Ind. 327.

The verdict is general, and it does not affirmatively appear that the judgment rests upon the first paragraph. Judgment reversed, with instructions to sustain the demurrer to the second paragraph, and for further proceedings consistent with this opinion.