Ross, Receiver, *v.* Terre Haute, Indianapolis and Eastern Traction Company.

[No. 25,425. Filed June 12, 1930.]

*Harker & Irwin,* for appellant.
*Earl F. Gruber* and *D. E. Watson,* for appellee.

PER CURIAM.—This is an action on contract to recover the expense incurred by appellant in repairing the crossing of the tracks of appellant and appellee. It is assigned as error that the court erred in sustaining appellee's demurrer to appellant's amended complaint. One of appellant's propositions is that if §13277 Burns 1926 is construed to prohibit the right of contract with regard to the means and method of maintenance and repair of crossings, then the statute is unconstitutional and void.

All appeals in appealable cases shall be taken directly to the Supreme Court in which there is in question, and such question is duly presented, the constitutionality of a statute, state or federal, or the rights guaranteed by the state or federal Constitution. §1356 Burns 1926. In Ewbank, Manual of Practice (2d ed.) §62a, the following is stated: "The Appellate Court is not deprived of jurisdiction to construe and apply the constitution when the validity of a statute is not involved, and a mere suggestion in the briefs of counsel that if one construction were given to a statute it would be made to conflict with a certain provision of the state constitution does not raise a constitutional question." *Pittsburgh, etc., R. Co.* v. *Hayes* (1896), 17 Ind. App. 261, 44 N. E. 375, 45 N. E. 675, 46 N. E. 597; *In re Petition Pittsburgh, etc., R. Co.* (1897), 147 Ind. 697, 47 N. E. 151.

It is a general rule that objections not presented to the trial court will not be available to reverse its judgment on appeal. It does not appear that the constitutionality of said act was presented to the circuit court. The jurisdiction of this cause is in the Appellate Court.

It is, therefore, ordered that this cause be transferred from the Supreme Court to the Appellate Court.