GERNER ET. AL. *v.* MARSHALL.

[No. 19,681. Filed October 30, 1963.]

*Virgil J. McCarty* and *Thomas J. O'Connor*, of Brookville, for appellants.

*Cecil C. Tague, Sr.*, and *Roger H. Smith*, both of Brookville, for appellee.

CLEMENTS, J.—This is an appeal from a judgment rendered on a verdict in the Franklin Circuit Court. Appellee recovered judgment for $2,500 against appellants, husband and wife, and the owners and operators of "The Turtle House," a tavern in the Town of Brookville, Indiana.

Appellee was a customer at the tavern and alleges that he was shot by appellant, A. Ben Gerner. Appellant, A. Ben Gerner, admits the shooting, alleging self-defense.

Appellants assign as error the trial court's overruling of their motion for a new trial.

Appellants' motion for a new trial contains affidavits charging that the judge, with the bailiff, were seen about the door leading into the jury room. The affidavits further state that at a time, in open court, with counsel present, the court made remarks to the foreman of the jury that were prejudicial to the appellants in urging them to return to the jury room and agree upon a verdict.

There is no showing that the appellants made any objection to the actions of the judge. The acts were apparent to the appellants and their counsel, and it is incumbent upon appellants to make prompt objections to any practice considered prejudicial to them and request the court to take remedial measures. Appellants may not wait until the outcome of the case before making known their objections. *Myers* v. *State* (1960), 240 Ind. 641, 645, 168 N. E. 2d 220; *Spencer* v. *State* (1958), 237 Ind. 622, 624, 147 N. E. 2d 581; *Gamble* v. *Lewis* (1949), 227 Ind. 455, 467, 85 N. E. 2d 629; *Siebeking et al.* v. *Ford* (1955), 125 Ind. App. 365, 370, 122 N. E. 2d 880, 52 A. L. R. 2d 177.

For the above reasons the matters stated in appellants' affidavits in the motion for new trial present no reversible error to this court.

Appellants submitted to the court their Instructions Nos. 1 and 2. Instruction No. 1 covered the law regarding the liability of the wife as a partner; and Instruction No. 2 was an instruction on the right of self-defense.

The court refused these instructions and gave its own instructions. Instruction No. 7 given by the court is on the subject of self-defense; and Instruction No. 10 given by the court stated the law as to the liability of appellant's wife as a partner in the business.

To the giving of Court's Instructions Nos. 7 and 10, appellants made no specific written objections, and under Rule 1-7 of the Supreme Court no error in respect to an instruction given can be a cause for a new trial except upon such specific objections.

The evidence shows that "The Turtle House" was a tavern licensed in the name of A. Ben Gerner and Estelle F. Gerner, husband and wife, and the property was owned by them jointly.

Under Court's Instruction No. 10, it was a question of fact for the jury to determine whether or not the wife, Estelle F. Gerner, was interested as a partner in the tavern business, and that A. Ben Gerner, her husband, operated the business with her knowledge and consent, and whether or not he was acting in the operation of the business at the time he shot appellee.

There is sharp disagreement in the evidence as to self-defense and the part taken by the wife. The evidence shows that the wife went outside where her husband was standing, and was about three feet behind him at the time appellant, A. Ben Gerner, shot appellee.

The jury, after hearing all the evidence, rendered its verdict against both husband and wife. Where there is some evidence or reasonable inferences that may be drawn from the evidence to support the verdict of the jury, the Appellate Court will not weigh the evidence. *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 188, 106 N. E. 2d 453; *Deery* v. *Hall* (1933), 96 Ind. App. 683, 685, 175 N. E. 141.

This court cannot say that the damages were excessive to such degree as to show prejudice or corruption on the part of the jury. There is evidence to support the verdict of the jury and the decision is, therefore, not contrary to law. *N. Y. Central Ry.*

*Co.* v. *Milhiser, supra* (1952), 231 Ind. 180, 200, 106 N. E. 2d 453; *Hinds, Executor, etc.* v. *McNair et al.* (1956), 235 Ind. 34, 41, 129 N. E. 2d 553; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669.

No reversible error having been shown, the judgment of the trial court is affirmed.

Judgment affirmed.

Carson, P. J., Cooper and Ryan, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 382.