WATT *v.* STATE OF INDIANA.

[No. 31,084. Filed March 5, 1968.]

*Paul Vertesch,* and *James B. Davison,* of Richmond, and *Albert W. Ewbank,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Charles J. Deiter,* Deputy Attorney General, for appellee.

HUNTER, J.—The appellant herein is appealing from a conviction in the Circuit Court of Wayne County of driving under the influence of intoxicating liquor.

Prosecution was commenced in the City Court of Richmond, Indiana, on the basis of an Indiana Uniform Traffic Ticket, Ind. Anno. Stat. § 47-2326. Upon trial appellant was found guilty of the above stated offense. No formal affidavit or indictment was ever issued on this count. The only formal affidavit filed was one for public intoxication, and the City Court disposed of this count by a finding of not guilty.

Thereafter appeal was taken to the Wayne Circuit Court for a trial de novo. Appellant had filed a motion to quash the charge in the City Court and refiled the motion to quash in the Circuit Court. Both courts treated the Uniform Traffic Ticket as a proper affidavit and overruled the motion. Upon appellant's entering a plea of not guilty, trial was had by jury. The trial resulted in the jury finding appellant guilty of driving under the influence of intoxicating liquor. Upon this verdict the court entered judgment fining appellant $250 plus costs and recommending suspension of his current driving license for one year.

A motion in arrest of judgment was filed and overruled.

The error assigned and relied upon by the appellant is the

overruling of his motion for new trial; specifically appellant first sets forth the following allegations of error:

1. Irregularity in the proceedings of the court by which the defendant was prevented from having a fair trial in this, to-wit:

> A. The court erred in overruling defendant's motion to quash.
> B. The court erred in overruling defendant's motion in arrest of judgment.
> A motion to quash is the proper pleading by the accused to question material defects appearing on the face of the affidavit. Ind. Anno. Stat., § 9-1129 (1956 Repl.). Appellant's motion to quash sets forth the following grounds:

> 1. The facts stated in the affidavit do not constitute a public offense.
> 2. The said affidavit or affidavits do not state the offense or offenses, charged with sufficient certainty.
> 3. That the pretended affidavit or affidavits herein filed are not sufficient in that they have not been sworn and subscribed to by an officer authorized to administer an oath, nor have they been approved by the Prosecuting Attorney.

The first pleading on the part of the State in a criminal action is either an indictment or affidavit, Ind. Anno. Stat. § 9-1103 (1956 Repl.). Thus, the only means by which a criminal action may be commenced in the State of Indiana is by one of these two pleadings. One of the primary purposes of such pleadings is to fulfill the requirements of the Indiana Constitution, Art. 1, § 13:

> "In all criminal prosecutions, the accused shall have the right to a public trial . . . , in the county in which the offense shall have been committed . . . ; to demand the nature and cause of the accusation against him . . ."

If the Uniform Traffic Ticket, as used in the instant case, is to serve as the initial pleading on the part of the State, we must decide whether it meets the requirements of a valid affidavit *when challenged by a motion to quash.*

A reproduction of the Uniform Traffic Ticket as used as an affidavit in the instant case is as follows:

INDIANA UNIFORM TRAFFIC TICKET AND COMPLAINT

An affidavit must contain a statement of facts constituting the offense in plain and concise language without unnecessary repetition, Ind. Anno. Stat. § 9-1104 (1956 Repl.). However, the affidavit may not be quashed for "mere" surplusage, Ind. Anno. Stat. § 9-1127 (1956 Repl.). If two or more distinct offenses are charged in the same count, the affidavit will be held bad on a motion to quash. *Knopf* v. *State* (1882), 84 Ind. 316; *State* v. *Weil* (1883), 89 Ind. 286; *Joslyn* v. *State* (1890), 128 Ind. 160, 27 N. E. 492.

We cannot say that the additional printed matter on this Uniform Traffic Ticket is "mere" surplusage. The additional matter can only serve to confuse the defendant as to what offense is actually charged or whether numerous offenses are charged in one count. The Uniform Traffic Ticket when used as an affidavit is bad for duplicity and therefore cannot withstand an attack by a motion to quash. When such a motion is filed the affidavit may be readily cured by an amendment to utilize the present formal form of affidavit. In the situation here, if the motion to quash had been sustained, the defendant would not have been automatically discharged and safe from prosecution. The State would still be entitled to file a new and sufficient amended affidavit. Ind. Anno. Stat. § 9-1130 (1956 Repl.).

This is not to say that the Uniform Traffic Ticket does not serve a useful purpose, for it may serve as a charge when not challenged by a motion to strike or a motion to quash. The ticket serves to acquaint the public with the kind of unsafe driving habits which may and often do result in traffic collisions causing property damage, bodily injury and death, and it further serves as an informal method of accepting and receipting for fines on pleas of guilty in minor offenses.

For all the foregoing reasons we hold that the trial court erred in not sustaining appellant's motion to quash, therefore this cause is reversed and remanded with instructions to sustain appellant's motion for new trial.

Judgment reversed.

Lewis, C. J., Arterburn, Jackson and Mote, JJ., concur.

NOTE.—Reported in 234 N. E. 2d 471.