V. H. JUERLING & SONS, INC. *v.* THE SECOND NATIONAL BANK
OF RICHMOND, INDIANA ET AL.

[No. 30,998; 31,027; 31,028; 31,029. Filed April 23, 1968.]

*David W. Dennis*, and *Dennis, Dennis & Reinke*, of Richmond, for appellant.

*William H. Vobach, Hugh E. Reynolds*, of Indianapolis, *Russell H. Schussler*, of Richmond, of counsel, *Locke, Reynolds, Boyd & Weisell*, of Indianapolis, and *Harlan, Harlan, Schussler & Keller*, of Richmond, for appellees.

PER CURIAM.—Appellant as plaintiff below instituted these civil actions in the Circuit Court of Wayne County, Indiana, against the appellees-defendants demanding damages for negligence and breach of contract. The four above entitled causes were consolidated for argument and briefing by an order of

this Court because of their similarity as to facts and substantial identity as to legal issues. Appellees moved for summary judgment contending that there was no genuine issue of material fact and that appellees were entitled to judgment as a matter of law. From the trial court's sustaining of appellees' motions for summary judgment, appellant brings this appeal.

Jurisdiction of this direct appeal to the Supreme Court is based on Ind. Anno. Stat. § 4-214 (Supp. 1967):

> "Hereafter all appeals in appealable cases in the following classes shall be taken directly to the Supreme Court of Indiana, as follows:
>
> First. All cases in which there is in question, and such question is duly presented, either the validity of a franchise or the validity of an ordinance of a municipal corporation, or the constitutionality of a statute, state or federal, or the rights guaranteed by the state or federal constitution."

Appellant challenges the constitutionality of the Indiana Summary Judgment Statute, Ind. Anno. Stat. § 2-2524 (1968 Repl.), and particularly as that statute was applied by the trial court to the facts in this case. Appellant did not raise the constitutional issue until a summary judgment had been entered against him, and at that time raised the issue by a "Motion to Reconsider."

It is the Court's opinion that we have no jurisdiction over this appeal. It has been consistently held that before this Court has jurisdiction by reason of a constitutional question, such question must be timely raised in the trial court and must actually be a bona fide issue which is not ancillary to the case. *Klein* v. *City of Indianapolis* (1967), 248 Ind. 117, 224 N. E. 2d 42; *Fleser* v. *Aranjo* (1954), 233 Ind. 694, 121 N. E. 2d 879; *Ross* v. *Terre Haute, I. & E. Trac. Co.* (1930), 202 Ind. 698, 171 N. E. 665. We interpret Ind. Stat. § 4-214, *supra,* to require that a challenge to the constitutionality of a statute be on the basis that the statute be unconstitutional *per se*. A mere misapplication of a statute by a trial court does not raise a constitutional issue but is

only error. If it were otherwise, any prejudicial error made by a trial court would raise a constitutional issue.

Since the alleged constitutional issue was not raised during the summary judgment proceedings, the question was not duly before the trial court. Furthermore, if the issue had been duly raised, it would only have been a question of the misapplication of the summary judgment statute by the trial court in failing to resolve an issue of fact.

For all the foregoing reasons we hold that this Court does not have jurisdiction over the instant appeal. Therefore, this cause is transferred to the Appellate Court.

Jackson, J., concurs in result.

NOTE.—Reported in 236 N. E. 2d 43.