**Mrs. Ronald F. MEYER, Appellant,**

v.

**The STATE OF NEW JERSEY, Appellee.**

**No. 71–1561.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) March 13, 1972.

Decided May 19, 1972.

Mrs. Ronald Meyer, pro se, New York City, for appellant.

George F. Kugler, Jr., Atty. Gen., H. Kirk Ressler, Deputy Atty. Gen., Trenton, N. J., on the brief, for appellee; Stephen Skillman, Asst. Atty. Gen., of counsel.

Before MAX ROSENN and JAMES ROSEN, Circuit Judges, and TEITELBAUM, District Judge.

## OPINION OF THE COURT

PER CURIAM:

This appeal seeks to reverse a district court order dismissing a *pro se* complaint filed by appellant, Mrs. Ronald F. Meyer, against the State of New Jersey, the only named defendant.

As noted by Judge Coolahan the complaint is not a "model of clarity." Since the complaint was filed *pro se* we have endeavored to distill the issues from the myriad allegations in the complaint. Carr v. Sharp, 454 F.2d 271 (3d Cir. 1971); Richardson v. Miller, 446 F.2d 1247, 1248 (3d Cir. 1971); United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969), cert. den. 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970).

Mrs. Meyer contends that her husband obtained an improper Mexican divorce, remarried, and is now living in New Jersey and that the New Jersey courts, state officials and Legal Services' attorneys refused and failed to assist her in the collection of alimony from her husband. Secondly, that she cannot "obtain justice" because of her religious beliefs.

While Mrs. Meyer maintains that "the dispute between husband and wife is *not* an issue in this action," and "amount of money in question is not involved when civil liberties are at stake"[1] she requests one million dollars damages against the unconsenting State of New Jersey.

The Eleventh Amendment to the Constitution bars an action for money damages in a federal court against the State by a citizen of another State unless the state grants its consent.[2] Fitts v. McGhee, 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535 (1899), Gambocz v. Sub-Committee on Claims of The Joint Legislative Appropriations Committee, New Jersey Legislature, 423 F.2d 674 (3d Cir. 1970). Cf. O'Neill v. Commonwealth of Pennsylvania, 459 F.2d 1

(3d Cir. filed February 25, 1972). "Nor is the State divested of its immunity 'on the mere ground that the case is one arising under the constitution or laws of the United States.'" Parden v. Terminal Rwy. of The Alabama State Docks Dept., 377 U.S. 184, 186, 84 S.Ct. 1207, 1209, 12 L.Ed.2d 233 (1964).

The State of New Jersey cannot be sued under the Civil Rights Act, 42 U.S.C. § 1983. United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d p. 86, footnotes 2 and 3; Gambocz v. Sub-Committee on Claims of The Joint Legislative Appropriations Committee, New Jersey Legisature, 423 F.2d p. 674.

We have reviewed the entire record and considered the "Petition for Constitutional Determinations" filed by appellant on April 20, 1972, more than one month after the matter was submitted to the court, and conclude that the complaint was properly dismissed by the district court judge.

The May 4, 1971 order of the district court dismissing the complaint will be affirmed.

1. Appellant's brief, p. 5.

2. Appellant, at the time of filing the complaint, was a resident of New York or Pennsylvania. Complaint p. 2.