**STATE of Indiana et al.,
Appellants–Defendants,**

**v.**

**Roy HALL, Appellee–Plaintiff.**

**No. 3–679A169.**

Court of Appeals of Indiana,
Fourth District.

Sept. 24, 1980.

Rehearing Denied Jan. 20, 1981.

Theo. L. Sendak, Atty. Gen., Kermit R. Hilles, Deputy Atty. Gen., Indianapolis, for appellants–defendants.

Saul I. Ruman, Hammond, for appellee–plaintiff.

## ON PETITION FOR REHEARING

CHIPMAN, Judge.

We originally dismissed this appeal on May 27, 1980, for failure to timely comply with Indiana Rules of Procedure, T.R. 59(C), since the record indicated the Motion to Correct Errors was filed sixty–one (61) days after judgment was entered by the trial court. In the Petition for Rehearing, the State alleges:

> "The opinion of this Court is erroneous in that the motion to correct errors was placed in the United States mail, return receipt requested on February 27, 1979, and by operation of T.R. 5(E) is deemed filed on that date. The motion to correct errors was incorrectly file–marked for February 28, 1979, the date on which the pleading was received by the Clerk."

Our opinion was not erroneous on the basis of the record before us. To the contrary, the State erred in failing to provide us with an adequate and *correct* record. *Bullock v. State*, (1978) Ind.App., 382 N.E.2d 179.[1] Nonetheless we grant the State's petition for rehearing.

The appellant State of Indiana appeals a $12,000 judgment against it and in favor of the appellee Roy Hall on Hall's malicious prosecution and 42 U.S.C. § 1983[2] claims

arising from traffic citations for his overweight truck. The State has objected to several of the trial court's rulings. We affirm.

The State has raised the following issues:

1. Whether the trial court erred in not granting the appellants' motion for directed verdict.

2. Whether the trial court erred by admitting into evidence a Hobart City Court order.

3. Whether the trial court erred by admitting into evidence a photograph of the weighing station.

4. Whether the trial court erred in stating the Justice of the Peace was "a representative of the State of Indiana" in the presence of the jury.

## FACTS

The evidence most favorable to Hall shows he was driving his tractor–trailer truck on Interstate 65 on November 19, 1970. His truck was loaded with two steel coils weighing 49,650 pounds. Appellant State Police Officer Robert Bonwell was suspicious about the weight of the truck and stopped Hall. The maximum weight limit for trucks was 72,000 pounds with a 1,000 pound tolerance allowance for weight increases due to accumulations of rain, snow and mud on the truck.

Hall's tractor and trailer had been weighed empty on several occasions between July 9, 1970, and November 9, 1970. During this period the truck was found to weigh 22,520 pounds, 22,660 pounds, 23,360 pounds and 21,100 pounds. When Hall picked up the steel coils on November 19, 1970, the truck was not weighed at U. S. Steel. The roads were dry that day.

---

1. Additionally, we note the State's brief contains numerous typographical errors, word omissions, and misspelled words. Although these errors are unfortunately not uncommon in appellate briefs, it is uncommon for the appellants' brief to urge this court to reverse the lower court and have its reply brief urge us to affirm the lower court. We do not think it is too much to ask that briefs be proofread before they are filed.

2. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Bonwell escorted Hall to a permanent weighing station near Merrillville. The station building at the scales was in poor condition and the driveway around the scale had chuckholes and was uneven. Lights inside the scale building were inoperable and a flashlight and matches were used to read the scale. Bonwell informed Hall his truck weighed 76,000 pounds and was, therefore, overweight by 4,000 pounds.

During the weighing, Hall and Carl Semanick, a weighmaster accompanying Bonwell, became involved in a verbal altercation ending with Hall telling Semanick to shut his mouth or he would hit him. At this point Bonwell stepped in and stopped the altercation.

Weighmaster Semanick did not weigh Hall's truck, Bonwell did. The weighing station was equipped with a mechanical imprinter device which printed the weight of each axle when a ticket was inserted. Although this imprinter is usually used in weighing trucks, it was not used on this occasion.

Bonwell testified he was uncertain as to the accuracy of the weight given by the permanent scale since he had trouble fitting one of the axles on the scale. He requested portable scales and they were brought out to him by Officer Dillon who was unhappy about being called out that evening. Bonwell told Hall according to the portable scales his truck weighed 74,160 pounds, but Hall was not allowed to see the weights on the individual scales. Bonwell also failed to produce at trial the informational arrest sheet for this arrest which would have shown the weights per axle.

The accuracy of portable scales is affected by the evenness of the surface upon which the weighing is done. In this case the weighing was done on a non level surface containing many chuckholes.

Hall was cited for being over gross weight by law and for being over registered weight. Hall requested his truck be weighed on the more accurate platform scale in nearby Lowell, Indiana where the entire tractor trailer could be weighed at one time. Bonwell denied Hall's request and Hall refused to sign the ticket agreeing to appear in court at a later date. He was then taken before a Justice of the Peace and bond was set at $500. Since Hall could not post bond he was placed in jail where he remained for two days until his wife could secure the necessary funds.

Hall's truck was impounded when he was arrested and it remained impounded for approximately six months. Hall had the case venued to the Hobart City Court which later issued an order to reweigh the truck. This order was never carried out. Eventually the charges were dismissed pursuant to a "Watt's" motion [3] and Hall was able to regain possession of his truck.

On November 17, 1972, Hall sued the State of Indiana, Bonwell and several other involved officers. Several theories were advanced including malicious prosecution and violation of civil rights under 42 U.S.C. § 1983. At the trial, a directed verdict was granted in favor of all of the defendants except Bonwell, who signed the citation, and his principal, the State of Indiana. The case went to the jury on the malicious prosecution and § 1983 theories. The jury returned a general verdict against the State in the sum of $12,000.

## I. THE TRIAL COURT'S FAILURE TO GRANT A DIRECTED VERDICT

The appellants argue § 1983 does not apply to states; there was insufficient evidence to support a verdict against the State or Bonwell under either theory; and they should have been granted a directed verdict. With regard to the first assertion the appellants are correct. *Meyer v. State of New Jersey*, (3rd Cir. 1972) 460 F.2d 1252 held states can not be sued for monetary damages under § 1983. *See also Edelman v. Jordan*, (1974) 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662. Nor can states be sued under § 1983 on the theory of respondeat superior. *Monell v. Department of Social Services of City of New York*, (1978) 436

---

**3.** *Watt v. State*, (1968) 249 Ind. 674, 234 N.E.2d 471.

U.S. 658, 663–64, 98 S.Ct. 2018, 2022 n. 7, 56 L.Ed.2d 611. Accordingly, as stated in the appellants' reply brief, "unless it can be established that the jury did not rely on § 1983, the failure to grant the motion for directed verdict for the State as to § 1983 was error and the judgment should not be allowed to stand."

■ By reviewing the final instructions [4] it can be established the jury did not rely on § 1983 as the basis of its finding against the State. Although the court refused to grant the State a directed verdict as to the § 1983 claim, it effectively did grant the State's request by instructing the jury the way it did. According to the record, the jury was read pattern jury instructions covering the credibility of witnesses, burdens of proof, proximate cause, etc. Numerous instructions submitted by the plaintiff and the defendants were read by the court. Plaintiff's instructions covered the elements of § 1983, a definition of "under color of State law," constitutional rights protected by § 1983, a definition of probable cause, the measure of damages, and wilful conduct. Defendants' instructions covered maximum weight limits, impoundment of overweight vehicles, the elements of malicious prosecution, a definition of malice and probable cause, and the following respondeat superior instruction.

"An employer is liable for malicious prosecution committed by his employee upon a third person when the act is done by an authority of the employer, either express or implied, or when the act is done by the employee within the scope of his employment."

■ This was the only respondeat superior instruction given and the jury was instructed it could find against the State if its employee was guilty of malicious prosecution. There was no instruction which provided the jury could find against the State under § 1983 if its employee violated Hall's civil rights. We presume the jury applied the law given in the instructions, *American Optical Co. v. Weidenhamer*, (1980) Ind. App., 404 N.E.2d 606. We conclude, therefore, the jury found against the State under the malicious prosecution theory. The appellant has the burden of proving prejudicial error. *Southern Indiana Gas and Electric Co. v. Gerhardt*, (1961) 241 Ind. 389, 172 N.E.2d 204. Appellants have failed to meet this burden. In light of the instructions read by the court, its failure to direct a verdict in favor of the State as to the § 1983 theory was harmless error.

Appellants also challenge the sufficiency of the evidence under the § 1983 theory. Since we have concluded the jury, as instructed, could only have found against the State on the malicious prosecution theory, we will not address this sufficiency argument.

■ Appellants additionally contend they should have been granted a directed verdict as to the malicious prosecution claim and argue Hall failed to prove each element of the offense. The limits by which we are bound when addressing this issue are correctly set out by the court in *Hendrickson & Sons Motor Co. v. Osha*, (1975) 165 Ind.App. 185, 331 N.E.2d 743, 757.

"Motions for judgment on the evidence (directed verdict) are governed by Ind. Rules of Procedure, Trial Rule 50. Pursuant to that rule, a defendant's motion for judgment on the evidence made at the close of the plaintiff's evidence or at the close of all the evidence should be granted only in the absence of evidence or reasonable inference on at least one essential element of the plaintiff's claim, *Miller v. Griesel* (1974), [261 Ind. 604], 308 N.E.2d 701; *Mamula v. Ford Motor Co.* (1971), 150 Ind.App. 179, 275 N.E.2d 849. The evidence must be without conflict and susceptible of but one inference, that being in favor of the moving party. In examining the evidence, the trial judge must draw all fair and rational inferences in favor of the party opposing the motion and give that party every favorable intendment of the evidence. *Jordanich v. Gerstbauer* (1972), [153 Ind.App. 416], 287 N.E.2d 784. The court may not substi

---

**4.** The preliminary instructions were not included in the record.

tute its judgment for that of the jury on questions of fact nor grant the motion because the evidence decidedly preponderates in favor of the moving party. *Smith v. Chesapeake and Ohio Railroad Co.* (1974), [160 Ind.App. 256], 311·N.E.2d 462; *Galbreath v. City of Logansport* (1972), 151 Ind.App. 291, 279 N.E.2d 578.

Appellate review of rulings on motions for judgment on the evidence is subject to the same standards which govern the trial court in ruling on the motion. Our task therefore is to determine whether there was any evidence justifying submission [of the case] to the jury .... See, *Myers v. Maris* (1975), [164 Ind.App. 34], 326 N.E.2d 577; *Smith v. Chesapeake and Ohio Railroad Co., supra.*"

■ In a malicious prosecution suit, the plaintiff must prove:

1. The defendant instituted or caused to be instituted a prosecution against the plaintiff;

2. The defendant acted maliciously in doing so;

3. The prosecution was instituted without probable cause;

4. The prosecution terminated in the plaintiff's favor. *Satz v. Koplow*, (1979) Ind.App., 397 N.E.2d 1082. The only elements disputed in this case are malice and lack of probable cause.

The jury was instructed:

"in order to show probable cause to institute legal proceedings the defendant must show that he had an honest and bonafide belief in the guilt of the accused, and that he made a diligent and thorough inquiry into the facts supporting such belief before holding the plaintiff to answer before the Justice of the Peace."

■ There was evidence introduced at trial from which the jury could infer Bonwell did not have an honest and bonafide belief in Hall's guilt and he did not make a diligent and thorough inquiry into the facts supporting his belief. Bonwell himself showed a lack of confidence in the weight he obtained from the permanent scale by requesting the portable scales. When the truck was weighed on the portable scales, Hall was not allowed to see the weights registered by the scales. One of Bonwell's fellow officers testified the 2,000 pound difference between the scales would have indicated to him something was wrong. Bonwell's failure to produce the informational arrest sheet containing the weights of the individual axles and his refusal to weigh the entire truck at one time on the Lowell platform scales may have led the jury to believe Bonwell did not have a bonafide belief in Hall's guilt.

Although we may not have reached the same conclusion the jury reached, under the confines of our standard of review, in examining the evidence and drawing all fair and rational references in favor of Hall, we cannot say the evidence was without conflict and susceptible only of the inference that probable cause did exist.

■ Along the same lines, appellants challenge the sufficiency of the evidence to sustain the malice requirement. Express malice is not required to sustain a malicious prosecution claim. The jury may infer malice from a total lack of probable cause or from a culpable omission to make a suitable and reasonable inquiry. *Pontius v. Kimble*, (1914) 56 Ind.App. 144, 104 N.E. 981. There was evidence from which the jury could infer Bonwell failed to make a suitable and reasonable inquiry.

## II. ADMISSIBILITY OF THE HOBART CITY COURT ORDER

■ Appellants' second alleged error concerns the trial court's admitting into evidence the order to weigh Hall's truck issued by the Hobart City Court. Appellants assert the court lacked jurisdiction to enter this order and therefore it was wrongfully admitted into evidence. With respect to this claim the appellants have failed to present this court with a cogent argument and supporting citations required by Indiana Rules of Procedure, Appellate Rule 8.3(A)(7). Accordingly, this error is waived.

## III. ADMISSIBILITY OF THE PHOTOGRAPH OF THE WEIGHING STATION

Appellee introduced into evidence a photograph of the scale house at the permanent weighing station. It showed the scale house was poorly maintained and the adjacent driveway was in need of repair. Appellants objected to the introduction of this photograph arguing it was irrelevant to the accuracy of the scales or the presence of probable cause. We disagree.

Relevancy is the logical tendency of evidence to prove a material fact and it is a question for the sound discretion of the trial judge and will only be reversed where clear abuse is shown. *Indiana National Corporation v. Faco, Inc.*, (1980) Ind. App., 400 N.E.2d 202. The photograph here had a logical tendency to prove the permanent scale was very poorly maintained and that the area where the tractor and trailer were weighed on portable scales was unlevel and rough. This evidence was relevant to the issue of probable cause and Bonwell's belief in the accuracy of the two weights he obtained. We find no error.

## IV. TRIAL COURT'S REFERENCE TO THE JUSTICE OF THE PEACE AS A REPRESENTATIVE OF THE STATE

While ruling on an evidentiary objection, the trial court referred to the Justice of the Peace as a representative of the State. The appellants made no objection to the statement at the time nor did they request a correcting instruction. "[I]t is incumbent upon the appellants to make prompt objections to any practice considered prejudicial to them and request the court to take remedial measures." *Gerner v. Marshall*, (1963) 135 Ind.App. 259, 193 N.E.2d 382, 383. In addition to their failure to object, the appellants have also failed to demonstrate how this remark prejudiced them. This error is also waived.

The judgment of the trial court is affirmed.

YOUNG, P. J., and MILLER, J., concur.