STATE of Indiana, et al., Appellants
(Defendants Below),

v.

Roy HALL, Appellee (Plaintiff Below).

No. 382S108.

Supreme Court of Indiana.

March 22, 1982.

Theodore L. Sendak, Atty. Gen., Kermit R. Hilles, Deputy Atty. Gen., Indianapolis, for appellants.

Saul I. Ruman, Hammond, for appellee.

PRENTICE, Justice.

This cause is before us upon the Petition to Transfer filed by the defendant (Appellant, State of Indiana) which seeks relief from a $12,000.00 judgment entered in the trial court in favor of the plaintiff (Appellee, Roy Hall). Plaintiff sued the defendant and several of its employees for mali-

cious prosecution and violation of federal civil rights under 42 U.S.C. 1983. The Court of Appeals, Fourth District, affirmed the judgment of the trial court by opinion published at 411 N.E.2d 366.

Transfer is now granted, and the aforesaid decision and opinion of the Court of Appeals are hereby vacated.

Plaintiff was arrested by State Trooper Bonwell and charged in a Justice of the Peace Court with operating an overweight vehicle upon a public highway. He was unable to post the required bond, in consequence of which he spent two days in jail. His truck and its cargo were impounded and the truck remained impounded for six months. Eventually the charges were dismissed pursuant to a "Watt's" motion,[1] and Plaintiff regained possession of his truck.

Hall filed suit against the State of Indiana, Trooper Bonwell and several other officers and employees of the State Police Department who had been involved, in varying degrees, with the circumstances which gave rise to his aborted prosecution. It is unnecessary to recite the evidence but can be assumed arguendo, that evidence was presented which, if believed by the jury, would have warranted a verdict in Plaintiff's favor against Trooper Bonwell, upon either theory of the complaint.

At the trial, a directed verdict was entered in favor of all defendants except Trooper Bonwell and his principal, the defendant, State of Indiana. As to them, the case went to the jury upon both the malicious prosecution theory and the § 1983 theory. The jury returned a general verdict against the defendant in the sum of $12,000.00.

Defendant contends that the trial court erred in overruling its motion for a directed verdict. It asserts that it could have no liability under § 1983, citing *Meyer v. State of New Jersey*, (1972, 3d Cir.) 460 F.2d 1252 and *Monroe v. Pape*, (1961) 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, nor under the malicious prosecution count, because plaintiff had not proved each of its requisite elements.

The Court of Appeals determined that there had been sufficient evidence presented to hold the defendant, under the doctrine of respondeat superior, upon the malicious prosecution theory, that the jury found against Defendant upon that theory and that the failure of the trial court to direct a verdict upon the § 1983 count was, therefore, harmless error.

In support of his position that Defendant could be held liable under § 1983, Plaintiff cites *Monell v. New York City Dept. of Soc. Serv.*, (1978) 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 as overruling *Meyer v. State of New Jersey, supra*, and *Monroe v. Pape, supra*. However, in neither *Meyer* nor *Monell* was liability premised upon respondeat superior as it is in the case before us. The following passages from *Monell* are of vital significance:

"On the other hand, the language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." 436 U.S. at 691, 98 S.Ct. at 2036, 56 L.Ed.2d at 636.

"We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. Since this case unquestionably involves official policy as the moving force of the constitutional violation found by the District Court, see supra at 660–662, and n. 2, [98 S.Ct. 2020–2021] 56 L.Ed.2d at 616–617,

---

1. *Watt v. State*, (1968) 249 Ind. 674, 234 N.E.2d 471.

we must reverse the judgment below." 436 U.S. at 694, 98 S.Ct. 2037, 56 L.Ed.2d at 638.

█ It is clear that Plaintiff's claim under § 1983 was not addressed to any action claimed to be an implementation or execution of any statute, regulation, policy or decision officially adopted and promulgated by state officers, or to any action claimed to be an established *custom or usage.* Rather he sought to hold Defendant liable solely upon the premise that its employees were tortfeasors. We hold that the defendant has no such liability, and that the trial court erred when it denied Defendant's motion for a directed verdict upon the § 1983 count.

It was the holding of the Court of Appeals that such error was harmless, because it could be determined that the jury, in returning its verdict against Defendant, relied upon the malicious prosecution theory rather than upon the civil right violation theory. The Court of Appeals arrived at this conclusion upon the basis that the trial court gave a respondeat superior instruction with respect to the malicious prosecution theory only, saying that it presumed that the jury applied the law given in the instruction. Such rationale appears to us to be specious and would render error in the denial of a directed verdict or motion to dismiss harmless in every case prosecuted upon multiple theories, provided the verdict was sustainable upon any one of them.

█ By denying a motion for a directed verdict, addressed to any theory of the complaint, the Court, in effect, is instructing that, under the law and the evidence, the jury *may find* for the plaintiff upon that theory. A general verdict for the plaintiff upon a complaint which proceeded upon two theories, one good and the other bad, cannot stand unless it affirmatively appears that it rests upon the good theory. *Tennis Co. v. Davis,* (1910) 46 Ind.App. 436, 439, 92 N.E. 986, *Fairbanks v. Warrum,* (1913) 56 Ind. App. 337, 345, 104 N.E. 983.

█ Defendant also seeks reversal of the judgment upon the basis that there could be no recovery against the defendant, upon the malicious prosecution count because it was dependent upon the doctrine of respondeat superior and there was no verdict against any of Defendant's employees, citing *Estes v. Hancock County Bank,* (1972) 259 Ind. 542, 545, 289 N.E.2d 728, 730 and distinguishing *Health & Hospital Corp. Etc. v. Gaither,* (1979) Ind., 397 N.E.2d 589, 595–96. It must be noted at this point that several of Defendant's employees had been made defendants in the suit, but the trial court had directed verdicts in favor of all of them except Bonwell, and as to Bonwell, the jury had returned no verdict, which failure operated as a finding in his favor. Such a holding would terminate the litigation; however Defendant's appeal of the malicious prosecution issue was not prosecuted upon that theory. Although the theory was presented by the motion to correct errors, it was not presented by Defendant upon appeal, until after the Court of Appeals held against it. The issue was then injected by motion for rehearing but came too late. The Court of Appeals responded to the improper assignment, but it should not have done so.

Appellate Rule 8.3(A) on appellant briefing provides for a statement of the issues presented for review and for an argument upon each error assigned in the motion to correct errors which Appellant intends to raise on appeal. It further provides, "Any error alleged in the motion to correct errors not treated as herein directed shall be deemed waived." Also see *Ross v. State,* (1982) Ind., 429 N.E.2d 942 wherein we held that an appellant could not, by his reply brief, abandon his original theories and substitute new ones.

Further, Appellant has not presented a record which shows unequivocally that the jury's verdict absolved it of liability. The record does not contain the verdict forms that were tendered by the parties or submitted to the jury. *English Coal Co., Inc. v. Durcholz,* (1981) Ind.App., 422 N.E.2d 302, 311; *Coyle Chevrolet Co. v. Carrier,* (1979) Ind.App., 397 N.E.2d 1283, 1288.

Defendant has presented one other assignment which we answer for the benefit of the trial court and the parties, in the event of retrial. A photograph of the scale house at the weighing station was admitted into evidence over objection that it was not relevant to either the accuracy of the scales or the presence of probable cause for Plaintiff's arrest and prosecution.

Relevancy is the logical tendency of evidence to prove a material fact. It is a question for the discretion of the trial judge and his decision will be reversed only where clear abuse is shown. *Indiana National Corporation v. Faco, Inc.,* (1980) Ind.App., 400 N.E.2d 202. This evidence disclosed that the scales were poorly maintained and that the driveway area where the tractor and trailer had been weighed on portable scales was rough and not level. Such evidence was relevant to Bonwell's belief in the accuracy of the scales and hence to the issue of probable cause.

Other issues assigned have been waived.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

GIVAN, C. J., and HUNTER, J., concur.

DeBRULER, J., dissents with opinion.

PIVARNIK, J., not participating.

DeBRULER, Justice dissenting.

There is no trial court error argued on appeal by the one appellant here, namely, the State of Indiana, which warrants setting aside the jury verdict against it. The Court of Appeals per Chipman, J., correctly stated:

"The State has raised the following issues:

1. Whether the trial court erred in not granting the appellants' motion for directed verdict.

2. Whether the trial court erred by admitting into evidence a Hobart City Court order.

3. Whether the trial court erred by admitting into evidence a photograph of the weighing station.

4. Whether the trial court erred in stating the Justice of the Peace was 'a representative of the State of Indiana' in the presence of the jury."

The motion for directed verdict and the memorandum attached to it do not disclaim the applicability of 42 U.S.C. § 1983 *to any of the parties defendant.* The motion simply tracks the language of Ind.R.Tr.P. 50, and alleges that as to Pleading Paragraph 2, the one alleging a violation of 42 U.S.C. § 1983 by the defendants, "the allegations of such paragraph are not supported by sufficient evidence, or a verdict on them in plaintiff's favor would be clearly erroneous as contrary to the evidence because the evidence is insufficient to support it." At the point during the trial, after the plaintiff completed its case-in-chief, when the trial court denied this motion as to the State, it was not called upon to decide whether or not the State as a matter of law was subject to the liability imposed by 42 U.S.C. § 1983. At that point the single question presented by the motion was "whether or not evidence introduced in behalf of the plaintiff, assuming it to be true, and considering as proved all facts which the evidence proves, or by legitimate inference tends to prove, establishes the plaintiff's case as laid." *Smith v. Switzer,* (1933) 205 Ind. 404, 186 N.E. 764. The particular motion at stake in the case before us served the office of a demurrer to the evidence at common law. Furthermore, the motion was not preceded during the pleading stages of the case by a motion pursuant to Ind.R. Tr.P. 12, a defense pursuant to Ind.R.Tr.P. 7, or any other motion in which it was contended that the State was not subject to liability through application of 42 U.S.C. § 1983. Indeed at no point before or during the trial did the State raise that legal defense. Consequently I can find no legal basis for a conclusion that the trial court committed an error in denying the motion for directed verdict.

There is likewise no basis in the remaining three issues for setting aside this verdict. The evidence of the Hobart City Court order and the photograph of the

weighing station were admissible as relevant on the question of malice. There was no objection to the trial court remarks concerning the justice of the peace, and therefore their propriety is not before us.

On the basis of this appeal, I would affirm the trial court.

To this dissent it is helpful to add the observation that jury instructions are generally regarded as the means by which legal theories of liability and the manner of their proper application as well as such doctrines of *respondeat superior* are communicated to the jury. I cannot understand how this Court can consider whether a general verdict for the plaintiff and against a defendant can be set aside on the basis that it is the product of the application by the jury of a mistaken legal theory of liability or of the misapplication of a correct legal theory in the absence of an appellate challenge to jury instructions, the vehicles which finally determined and defined the applicable legal theories of liability and provided the jury with guidance in applying those theories. Here, there is no appellate challenge to the propriety of any jury instruction. This case was fairly tried on the facts at considerable cost to the plaintiff, and resulted in a jury verdict against one of the defendants. That party defendant has failed in demonstrating through the issues properly raised on appeal that the verdict is contrary to law.