STATE of Indiana, Appellant
(Plaintiff Below),

v.

Harley A. SUTHERLIN, Appellee
(Defendant Below).

No. 1281S377.

Supreme Court of Indiana.

June 7, 1982.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellant.

Rosenfeld, Wolfe, Frey & Hunt, Eric A. Frey, Mark D. Hassler, Terre Haute, for appellee.

PRENTICE, Justice.

Defendant (Appellee) was charged with Driving While Intoxicated, Ind.Code § 9–4–1–54(b) (Burns 1980), by a traffic citation form which substantially complies with the requirements of Ind.Code § 9–4–7–4 (Burns 1980). That statute was enacted in response to our decision in *Watt v. State*, (1968) 249 Ind. 674, 234 N.E.2d 471, wherein we noted several deficiencies in the old traffic ticket forms.

Defendant moved to dismiss the information upon the following grounds:

"1. That the information was filed in the form of a uniform traffic citation ticket and is defective under I.C. 35–3.1–1–4(1) and (9) for the reason that the information does not state the offense with sufficient certainty and does not comply with I.C. 35–3.1–1–2 in that it fails to set forth the nature and elements of the offense in plain and concise language."

The State's response was to the effect that the citation complied with the requirements of the statute, hence Defendant's motion to dismiss should be overruled.

The Court sustained the motion to dismiss with the following order:

"The Court, having examined defendant's Motion to Dismiss together with State's Response thereto and having carefully examined I.C. 9–4–7–4, same being 1979 P.L. 112, Section 1, and 1981 P.L. 108, now sustains said defendant's Motion to Dismiss for the following reasons:

"(1) That the Uniform Information and Summons alleges the existence of probable cause on the part of the arresting Indiana State Police officer. A tribunal, other than a court, hearing that read would be likely to attach importance to that allegation and consider it as a proved fact. The Court's particular objection to that language is that it precedes rather than follows the words 'being duly sworn upon his oath says ...' In other words, the officer does not allege under oath that he had probable cause.

"(2) The Court further disagrees with the allegation 'Did unlawfully ... did

commit the following offense: Driving While Intoxicated . . .' The allegation that he did commit an offense read in conjunction with the rest of the Information and Summons can not be treated as mere surplusage. Having heard this Information and Summons read to it, a jury could well assume that since the judge told it that the defendant committed the offense that the offender is guilty before any evidence is offered.

"The Court finds that the objection on the charging Information complained of is an objection which may be corrected by amendment, and the State of Indiana is granted until October 29, 1981, to file an amended charging Information if it so desires, and the bond heretofore set by the defendant shall remain in full force and effect."

The State elected not to file an amended charge and instituted this appeal, and on May 5, 1982 we granted the State's motion to advance this cause.

The State asserts that the trial court has, in effect, held Ind.Code § 9–4–7–4 unconstitutional contrary to Indiana Constitution, Article 1, Section 13 and that we, therefore, have jurisdiction under Ind.R.App.P. 4(A)(8). However, Defendant's motion to dismiss did not ask the trial court to declare any statute unconstitutional. It is difficult to perceive that the trial court's order addresses Defendant's claim that the traffic ticket citation form does not comply with Ind.Code § 35–3.1–1–4(a)(1) and (a)(9) and Ind.Code § 35–3.1–1–2. Nevertheless, we find nothing in the order which declares the statute unconstitutional. The trial court did express concern about the possibility of prejudice to the defendant if this traffic citation were read to the jury; but the expression of such concern does not rise to the level of a determination of unconstitutionality. *See Juerling & Sons, Inc. v. Second National Bank of Richmond,* (1968) 250 Ind. 325, 236 N.E.2d 43 (per curiam). The order contains nothing which invokes our jurisdiction, and the appeal is ordered dismissed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.