**Ralph JOCHEM, Appellant (Defendant Below),**

v.

**Leroy KERSTIENS and Alene Kerstiens, Appellees (Plaintiffs Below).**

No. 19A04-8606-CV-00164.

Court of Appeals of Indiana, Fourth District.

Oct. 15, 1986.

Howard B. Lytton, Jr., Steven E. Ripstra, Lytton and Ripstra, Jasper, for appellant.

Joseph L. Verkamp, Verkamp Law Office, Jasper, for appellees.

CONOVER, Presiding Judge.

Defendant-Appellant Ralph Jochem (Ralph) appeals the Dubois Circuit Court's

judgment determining a twelve foot easement is entirely located on Ralph's real estate, permanently interfering therewith, and granting Plaintiffs-Appellees Leroy and Alene Kerstiens (Kerstiens) compensatory and punitive damages.

We affirm.

ISSUES

Ralph raises three issue for our review. Restated, they are:

1. whether a prescriptive easement arose located one-half upon the Kerstiens' and one-half upon Ralph's real estate,

2. whether evidence as to Ralph's relationship with his neighbors was relevant and admissible, and

3. whether punitive damages should have been awarded.

FACTS

This dispute involves the location of a twelve (12) foot easement extending south from St. Henry-Ferdinand Road along the boundary line between the Kerstiens' and Ralph's properties. These tracts are farmland. The Kerstiens' tract first borders Roman Jochem's (Roman) real estate south of St. Henry-Ferdinand Road then Ralph's. The tracts owned by Robert Hackman (Hackman) and Ralph border each other and the two tracts owned by the Kerstiens and Roman to the north. We attach Plaintiff's Exhibit # 8, the Melling survey of the properties in question, designated Appendix "A", at the end of this opinion for clarity.

The questioned easement, twelve feet in width, runs south from St. Henry-Ferdinand Road along the border separating the Kerstiens and the Roman and Ralph Jochem parcels. While the Kerstiens and Roman do not need the easement to get to their real estate, it is the only means of access to the real estate owned by Hackman and Ralph. Although both parties agree the easement has "drifted" in location, they do not agree in which direction. The Kerstiens argue the easement formerly was located entirely upon Ralph's property but Ralph has attempted to shift it towards them. Ralph claims the easement

formerly was located one-half on his real estate and one-half on the Kerstiens' property, but they have gradually attempted to move it toward him.

In 1983, the Kerstiens hired a surveyor to establish the boundary line between their property and Ralph's property. When the boundary line was established, it was discovered most of the purported easement was situated on Ralph's property. Thereafter, the Kerstiens placed a fence along the boundary line. Ralph admits he tore down the fence and threw it into the Kerstiens' field. Further at various times, Ralph also graded open a drainage ditch along the western side of the easement on the Kerstiens' real estate which damaged portions of the Kerstiens' crops. Ralph also extended a drainage culvert along the easement on the Kerstiens' property.

Mr. Kerstiens testified Ralph deliberately damaged the Kerstiens' crops, and he and his wife were subjected to threatening and abusive language by Ralph and his sons.

Other pertinent facts appear below.

DISCUSSION AND DECISION

### I. *Standard of Review*

■ When presented with an appeal of a negative judgment in which the trial court made findings of fact and conclusions of law, we will not disturb the judgment unless clearly erroneous. *State ex rel. Katherine Hamilton Mental Health Center, Inc. v. Clay County* (1985), Ind.App., 474 N.E.2d 127, 129. Findings and conclusions of the trial court must be liberally construed in support of the judgment. They will be set aside only if clearly erroneous, and they will be deemed so only if review of the entire record leaves the reviewing court with a definite and firm conviction a mistake has been made. *Milwaukee Guardian Ins., Inc. v. Reichhart* (1985), Ind.App., 479 N.E.2d 1340, 1343.

### II. *Prescriptive Easement*

■ It is possible under Indiana law to acquire a prescriptive easement by adverse

use, continued uninterruptedly for 20 years.  IND.CODE 32–5–1–1.[1]

▮ In order to establish a prescriptive easement, the burden of proof is upon the party asserting the easement, in this case Ralph, to show actual, open, notorious, continuous, uninterrupted, adverse use. *Dolph v. Mangus* (1980), Ind.App., 400 N.E.2d 189, 190.

▮ Ralph claims the roadway traditionally has been located one-half on his property and one-half on the Kerstiens. The trial court determined, however, Ralph had not sustained his burden to prove his adverse use thereof for the 20 year statutory period because the roadway's location shifted from time to time during that period.  The trial court's conclusion is amply supported by the evidence, and Ralph points us to no evidence requiring a contrary conclusion.[2]

It is undisputed in this record the roadway's location has shifted over the years. Both parties and their witnesses testified it has gradually changed location, but they disagree in which direction it has moved. No one definite location for the roadway for the prescriptive 20 year period has been shown by the evidence.  We find no error in the trial court's determination to this effect.

III.  *Relevant and Admissible Evidence*

Relevancy is the logical tendency of evidence to prove a material fact.  *State v. Hall* (1982), Ind., 432 N.E.2d 679, 682. Questions of relevance are addressed to the sound discretion of the trial court.  Its decision on that subject will not be reversed unless clear abuse is shown.  *Id.* In *McMahan v. Snap On Tool Corp.* (1985), Ind.App., 478 N.E.2d 116, at 123, Judge Miller said:

> The trial court is granted broad discretion in the admission or exclusion of evidence, and this is no where more true than in a bench trial where evidence is challenged on the ground of relevancy.

Ralph contends the trial court erred by permitting him to be cross-examined regarding his conduct toward neighbors other than the Kerstiens.  He claims this evidence was not relevant to the issue, roadway location, nor to damages.

▮ Ralph's demeanor and behavior was at issue because of the threats and abuse he directed at the Kerstiens.  The trial judge based his findings and conclusions upon Ralph's specific acts.  However, even if such evidence could be considered irrelevant, Ralph has failed to demonstrate how he was harmed thereby.  Any harm arising from alleged error in admitting irrelevant evidence is lessened, if not totally invalidated, when the trial is by court rather than jury.  *D.H. v. J.H.* (1981), Ind.App., 418 N.E.2d 286, 294.  A trial judge is presumed to know the intricacies of the rules of evidence, and to base his decision only upon consideration of competent evidence.

IV.  *Punitive Damages*

▮ Punitive damages are not compensatory in nature.  They are intended to punish a wrongdoer, and to deter him and

---

**1.** 32–5–1–1 Use for twenty years
   Sec. 1.  The right of way, air, light or other easement from, in, upon, or over, the land of another, shall not be acquired by adverse use, unless such use shall have been continued uninterruptedly for twenty (20) years.

**2.** At trial, the court found an easement reserved in a deed to one of Ralph's predecessors in title. The trial court determined this deed placed the entire easement on Ralph's land.  We disagree with this finding.
   The deed in question is a deed to one of Roman's, not Ralph's predecessors in title. However, we must affirm the trial court's judgment if it can be sustained on any theory or basis found in the record.  *Hedrick v. First National Bank & Trust Co. of Plainfield* (1985), Ind.App., 482 N.E.2d 1146, 1149.  Furthermore, Ralph bears the burden of showing us any reversible error committed by the trial court. *Raymundo v. Hammond Clinic Association* (1983), Ind., 449 N.E.2d 276, 280.  For the error to have been reversible, Ralph must have shown the finding was erroneous and that he was harmed thereby.  *Cunningham v. Cunningham* (1982), Ind.App., 430 N.E.2d 809, 813.  Ralph has shown us neither.  Therefore, we find this error to be harmless since the judgment can be sustained on other grounds and no reversible error was shown.

others from similar conduct in the future. *Orkin Exterminating Co., Inc. v. Traina* (1986), Ind., 486 N.E.2d 1019, 1022. Compensatory damages are a prerequisite to an award of punitive damages. *Gomez v. Adams* (1984), Ind.App., 462 N.E.2d 212, 226. There is no right to an award of punitive damages. *Travelers Indemnity Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349, 362. An award of such damages is discretionary. *Utopia Coach Corp. v. Weatherwax* (1978), 177 Ind.App. 321, 379 N.E.2d 518, 526.

■ An award for punitive damages must be supported by clear and convincing evidence indicating malice, fraud, gross negligence, or oppressive conduct on the part of the wrongdoer. Further, the conduct must be inconsistent with a hypothesis of mere negligence, mistake of law or fact, over zealousness, or other human failing. *Perry v. Leo P. Knoezer Corp.* (1984), Ind. App., 472 N.E.2d 223, 225.

■ The trial court found Ralph acted in an improper and unacceptable manner by repeatedly trespassing on the Kerstiens' land, destroying their crops and fence, and verbally threatening and abusing them. This evidence is sufficient to support the trial court's award of punitive damages. We disagree with Ralph incorrectly characterizing his acts as part of a normal dispute between adjacent landowners over a boundary line. The Kerstiens' brief more correctly describes the repugnant nature of Ralph's acts. It says in this regard:

> Acts that are normal to Mr. Jochem may not necessarily be so to his neighbors or society in general. Looking at the record as a whole, Mr. Jochem chooses to ignore the rules and principals which deliver us from anarchy and chaos. He had available to him various legal and equitable remedies for the orderly resolution of the dispute which had arrisen (sic) between himself and Kerstiens. For whatever reason, he elected not to state his case but instead chose the low road of intimidation, harrassment and intentional interference with the rights of his neighbors, the Kerstiens.

(Appellee's Brief, p. 14).

Affirmed.

MILLER and YOUNG, JJ., concur.

## APPENDIX "A"

### Plaintiff's Exhibit # 8

## MEHLING ENGINEERING & SURVEYING, INC.

*Civil Engineering · Land Surveying*

P. O. BOX 197, FERDINAND, INDIANA 47532

Leander H. Mehling, P.E.-L.S., Pres.

July 18, 1983

Phone (812) 367-2881

### Surveyor's Certificate
### (LeRoy and Alene Kerstiens)

I, Leander H. Mehling, Registered Land Surveyor and licensed in accordance with the Laws of the State of Indiana, do hereby certify that I have surveyed the East line of "the north half of the northeast quarter of the northeast quarter of Section 36, Township 3 South, Range 5 West, containing 20 Acres, more or less".

¢ ST. HENRY - FERDINAND ROAD

1320' ±

EX. IRON PIN (SEC. CORNER)

ROMAN JOCHEM

SURVEYED THIS LINE

N ½ - NE ¼ - NE ¼

SEC. 36 - T3S - R5W

20 Ac. ±

LEROY KERSTIENS

664' ±

PLACED RED FLAGS EVERY 100' ±

RALPH JOCHEM (ANNA)

30"

OLD ROAD

PLACED 1¼" SQ. IRON PIN THIS SURVEY

ROBERT HACKMAN

No. 11472 STATE OF INDIANA REGISTERED LAND SURVEYOR LEANDER H. MEHLING

Surveyed July 18, 1983
Signed and sealed July 18, 1983
S/ Leander H. Mehling
Leander H. Mehling  # 11472

OLD WOOD FENCE FELL IN AUGUST 197_ (ONLY WIRE LOOP REMAINS)

LARGE

REMAINS OF OLD WIRE FENCE

1" = 200

FILED JUN 30 ...